Barker v. Kroger

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-382-CV

CAROLYN BARKER, ADMINISTRATRIX APPELLANT

OF THE ESTATE OF AMY ROBINSON, 

DECEASED

V.

KROGER TEXAS LIMITED PARTNERSHIP APPELLEES

AND THE KROGER COMPANY

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is a summary judgment appeal.  The trial court granted summary judgment for The Kroger Company and Kroger Texas Limited Partnership (together, “Kroger”) on all of the claims asserted against Kroger by Appellant Carolyn Barker, as administratrix of the estate of Amy Robinson.  In this appeal, Appellant challenges only the trial court’s summary judgment on the ordinary negligence claim asserted against Kroger.

Kroger filed a traditional and a no-evidence motion for summary judgment on the ordinary negligence claim and also moved for summary judgment on the ground that it had conclusively established its affirmative defense of superseding cause.  Because we hold that Kroger’s summary judgment proof established superseding cause, to avoid summary judgment Appellant was required to present controverting summary judgment evidence that the criminal acts of James Robert Neville, Jr. and Michael Wayne Hall were foreseeable.  Appellant failed to meet that burden.  Accordingly, the trial court correctly granted summary judgment for Kroger on its affirmative defense of superseding cause.
(footnote: 2)  We will affirm the trial court’s summary judgment.

Viewed in the light most favorable to Appellant,
(footnote: 3) the summary judgment evidence establishes that on February 15, 1998, as Amy Robinson
(footnote: 4) rode her bike to work at Kroger, Neville and Hall abducted and subsequently murdered her.  Neville and Hall had worked at Kroger with Amy, although they left Kroger’s employment four months before the murder.  When Kroger hired Neville in July 1997 for the entry level position of courtesy clerk, Neville disclosed on his employment application that three years earlier he had been convicted of the felony offense of burglary—stealing a jar of coins.  Neville had served his time in prison and was out on parole.

During the time Amy and Neville worked together at Kroger, they became friends.  Neville visited Amy at her house once or twice, and Amy took Neville to the 1997 Kroger Christmas party even though Neville was no longer working at Kroger in December 1997.

The week before Amy’s murder, Neville purchased guns for himself and Hall from a pawn shop.  He purchased the guns because he and Hall were “white supremacists with the Aryan brotherhood, and we hate niggers.”  The pair had a bet as to who would “kill the most niggers.”  On February 15, 1998, at around 11:30 a.m. Neville and Hall went by Kroger to see if a particular black man was working; when he wasn’t, they “walked to the back room and looked at the schedule [of] who was working and [Neville] saw on the schedule that Amy was supposed to be working[,] at 1:00 p.m.”  Neville knew Amy would be riding her bike to work and knew the route she took from her house.  He and Hall drove Amy’s route in reverse, found Amy riding to work, and asked her if she wanted a ride.  Amy said yes; they loaded her bike into the back of Neville’s vehicle and drove off. Neville and Hall subsequently killed Amy.

Third-party criminal conduct is a superseding cause unless the criminal conduct is a foreseeable result of the defendant’s negligence.  
Phan Son Van v. Pena
, 990 S.W.2d 751, 754 (Tex. 1999).  A defendant who seeks a summary judgment on the ground that the defendant has negated foreseeability as an element of proximate cause must prove, however, more than simply that intervening third-party criminal conduct occurred.  
Id.
  The defendant must show the third party criminal conduct rises to the level of a superseding cause based on the following nonexclusive considerations,

(a) the fact that the intervening force brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that the intervening force's operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of the force's operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him; [and]

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.

Id.
; 
see also Palacio v. AON Properties, Inc.
, 110 S.W.3d 493, 499 (Tex. App.— Waco 2003, no pet.); 
Cowart v. Kmart Corp.
, 20 S.W.3d 779, 783 (Tex. App.—Dallas 2000, pet. denied).  If the defendant does this, it has negated the ordinary foreseeability element of proximate cause, and the burden shifts to the plaintiff to raise a genuine issue of fact on foreseeability by presenting controverting evidence that, despite the extraordinary and abnormal nature of the intervening force, there was some indication at the time that such a crime would be committed.  
See Phan Son Van
, 990 S.W.2d at 754.

In her ordinary negligence claim, Appellant claims that Kroger was negligent by allowing Neville and Hall to view the work schedule
(footnote: 5) and by mixing felons such as Neville and mentally challenged individuals such as Amy in its workforce.
(footnote: 6)  Kroger conclusively established, however, that Neville and Hall abducted Amy from a public street.  Amy was not at work or in the course or scope of her employment when the abduction occurred.  Neville and Hall were not Kroger employees at the time.  Kroger was unaware of any violent criminal act committed by Neville or Hall prior to Amy’s murder.  Kroger had never experienced any other incident where a person looked at Kroger’s work schedule to track down and murder a Kroger employee.

Applying the considerations listed in 
Phan Son Van
, Kroger points out that the “harm,” Amy’s murder, is a harm different in kind from that which would otherwise have resulted from the alleged negligence of posting a work schedule or allowing a person who had committed a property crime to be a coworker with a mentally challenged individual.  Kroger points out that Amy’s murder by two of her friends is extraordinary and bizarre rather than a normal result of the negligence alleged by Appellant in view of the circumstances existing at the time.  Kroger claims Amy never expressed fear toward Neville or Hall; to the contrary, Amy and Neville developed a friendship that Amy’s parents knew about.  Kroger points out that Neville and Hall did not declare their affiliation with the Ayran brotherhood until after their arrest for Amy’s murder.  In short, Kroger argues that none of the circumstances existing here foreshadowed Amy’s murder.  The intervening force here is clearly due to Neville’s and Hall’s actions, and their acts were wrongful toward Amy to the extent that they have been held criminally responsible for her death and have been sentenced to die for murdering her.  We hold that Kroger negated the foreseeability element of proximate cause by conclusively establishing that Neville’s and Hall’s criminal acts were a superseding cause of Amy’s murder.  
See id.
 (holding criminal acts of rape and murder by underage, beer-drinking gang members constituted superseding cause of victims' injuries and death following store’s alleged negligence in sale of alcohol to underage gang members); 
Palacio
, 110 S.W.3d at 499 (holding that the criminal conduct of two third parties, who deliberately went to particular apartment, knocked on the door, asked for decedent by name, and then shot him execution-style, constituted superseding cause of decedent’s death despite allegations that security at apartment was inadequate); 
Cowart
, 20 S.W.3d at 783 (holding third party’s use of a gun to kill Cowart constituted superseding cause of Cowart’s death following Kmart’s alleged negligent sale of ammunition to minors when minors used the ammunition to load gun and third party used loaded gun to kill Cowart).  Thus, the burden shifted to Appellant to raise a genuine issue of fact on foreseeability by presenting controverting evidence that, despite the extraordinary and abnormal nature of the intervening force, there was some indication at the time that such a crime would be committed.  
See Phan Son Van
, 990 S.W.2d at 754.

Appellant presented no such controverting evidence.  Whether criminal activity is foreseeable in a particular instance requires more than someone, viewing the facts in retrospect, theorizing an extraordinary sequence of events whereby the defendant's conduct brings about the injury.  
Doe v. Boys Clubs of Greater Dallas, Inc.
, 907 S.W.2d 472, 478 (Tex. 1995).  Accordingly, we overrule Appellant’s second point challenging the trial court’s summary judgment on this ground.
(footnote: 7)
 Because we have overruled Appellant’s second point and have ruled that the trial court’s summary judgment for Kroger was proper on this ground, we need not address Appellant’s first point, claiming that the trial court erred in granting summary judgment for Kroger on Appellant’s ordinary negligence claim because genuine issues of material fact exist on whether Kroger breached a duty to its murdered employee
.  See 
Tex. R. App
. 47.1 (court of appeals must address only issues necessary to final disposition of appeal).  Accordingly, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: December 2, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Kroger’s summary judgment motion categorizes superseding cause as an affirmative defense.

3:
The summary judgment standards of review are well-settled, and we apply them here.  
See, e.g., S.W. Elec. Power Co. v. Grant
, 73 S.W.3d 211, 215 (Tex. 2002);
 Elliott-Williams Co. v. Diaz
, 9 S.W.3d 801, 803 (Tex. 1999); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.
, 988 S.W.2d 746, 748 (Tex. 1999).

4:
Appellant’s brief refers to Amy as a “mentally challenged” individual, consequently we will use this terminology also.

5:
Kroger’s work schedule included only the empolyees’ names and scheduled work hours.  It did not include the employees’ addresses, phone numbers, social security numbers, or other confidential employee information.

6:
As previously mentioned, however, Appellant does not challenge the trial court’s summary judgments on her “failure to warn,” “unsafe workplace,” and “negligent hiring” claims.  Accordingly, we consider her allegations that Kroger negligently mixed different categories of workers only in the context of her ordinary negligence claim.   

7:
Appellant also claims that the trial court erred by granting summary judgment to Kroger on the affirmative defense of superseding cause because as a nonsubscriber under the worker’s compensation statute Kroger is not entitled to raise any defenses.  The statute, however, precludes Kroger from raising common-law defenses only when an employee sues for damages for personal injury or death sustained by the employee 
in the course and scope of employment
.  
See
 
Tex. Labor Code Ann
. § 404.033(a) (Vernon Supp. 2004-05). The statute defines “course and scope of employment” as generally not including transportation to and from the place of employment.  
See id.
 
§ 401.011(12).  Thus, Kroger conclusively established that Amy was not in the course and scope of her employment when she was abducted and murdered.  The worker’s compensation statute is inapplicable to Appellant’s claims.