COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-382-CV
 
 
CAROLYN 
BARKER, ADMINISTRATRIX                                    APPELLANT
OF 
THE ESTATE OF AMY ROBINSON,
DECEASED
 
V.
 
KROGER 
TEXAS LIMITED PARTNERSHIP                                   APPELLEES
AND 
THE KROGER COMPANY
 
 
------------
 
FROM 
THE 342ND DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is a summary judgment appeal.  The trial court granted summary judgment for 
The Kroger Company and Kroger Texas Limited Partnership (together, “Kroger”) 
on all of the claims asserted against Kroger by Appellant Carolyn Barker, as 
administratrix of the estate of Amy Robinson.  In this appeal, Appellant 
challenges only the trial court’s summary judgment on the ordinary negligence 
claim asserted against Kroger.
        Kroger 
filed a traditional and a no-evidence motion for summary judgment on the 
ordinary negligence claim and also moved for summary judgment on the ground that 
it had conclusively established its affirmative defense of superseding cause.  
Because we hold that Kroger’s summary judgment proof established superseding 
cause, to avoid summary judgment Appellant was required to present controverting 
summary judgment evidence that the criminal acts of James Robert Neville, Jr. 
and Michael Wayne Hall were foreseeable.  Appellant failed to meet that 
burden.  Accordingly, the trial court correctly granted summary judgment 
for Kroger on its affirmative defense of superseding cause.[2] 
We will affirm the trial court’s summary judgment.
        Viewed 
in the light most favorable to Appellant,[3] the 
summary judgment evidence establishes that on February 15, 1998, as Amy Robinson[4] rode her bike to work at Kroger, Neville and Hall abducted 
and subsequently murdered her.  Neville and Hall had worked at Kroger with 
Amy, although they left Kroger’s employment four months before the murder.  
When Kroger hired Neville in July 1997 for the entry level position of courtesy 
clerk, Neville disclosed on his employment application that three years earlier 
he had been convicted of the felony offense of burglary—stealing a jar of 
coins.  Neville had served his time in prison and was out on parole.
        During 
the time Amy and Neville worked together at Kroger, they became friends.  
Neville visited Amy at her house once or twice, and Amy took Neville to the 1997 
Kroger Christmas party even though Neville was no longer working at Kroger in 
December 1997.
        The 
week before Amy’s murder, Neville purchased guns for himself and Hall from a 
pawn shop.  He purchased the guns because he and Hall were “white 
supremacists with the Aryan brotherhood, and we hate niggers.”  The pair 
had a bet as to who would “kill the most niggers.”  On February 15, 
1998, at around 11:30 a.m. Neville and Hall went by Kroger to see if a 
particular black man was working; when he wasn’t, they “walked to the back 
room and looked at the schedule [of] who was working and [Neville] saw on the 
schedule that Amy was supposed to be working[,] at 1:00 p.m.”  Neville 
knew Amy would be riding her bike to work and knew the route she took from her 
house.  He and Hall drove Amy’s route in reverse, found Amy riding to 
work, and asked her if she wanted a ride.  Amy said yes; they loaded her 
bike into the back of Neville’s vehicle and drove off. Neville and Hall 
subsequently killed Amy.
        Third-party 
criminal conduct is a superseding cause unless the criminal conduct is a 
foreseeable result of the defendant’s negligence.  Phan Son Van v. 
Pena, 990 S.W.2d 751, 754 (Tex. 1999).  A defendant who seeks a summary 
judgment on the ground that the defendant has negated foreseeability as an 
element of proximate cause must prove, however, more than simply that 
intervening third-party criminal conduct occurred.  Id.  The 
defendant must show the third party criminal conduct rises to the level of a 
superseding cause based on the following nonexclusive considerations,
 
(a) the fact that the intervening force brings about harm different in kind from 
that which would otherwise have resulted from the actor's negligence;
 
(b) 
the fact that the intervening force's operation or the consequences thereof 
appear after the event to be extraordinary rather than normal in view of the 
circumstances existing at the time of the force's operation;
 
(c) 
the fact that the intervening force is operating independently of any situation 
created by the actor's negligence, or, on the other hand, is or is not a normal 
result of such a situation;
 
(d) 
the fact that the operation of the intervening force is due to a third person's 
act or to his failure to act;
 
(e) 
the fact that the intervening force is due to an act of a third person which is 
wrongful toward the other and as such subjects the third person to liability to 
him; [and]
 
(f) 
the degree of culpability of a wrongful act of a third person which sets the 
intervening force in motion.

Id.; 
see also Palacio v. AON Properties, Inc., 110 S.W.3d 493, 499 (Tex. 
App.— Waco 2003, no pet.); Cowart v. Kmart Corp., 20 S.W.3d 779, 783 
(Tex. App.—Dallas 2000, pet. denied).  If the defendant does this, it has 
negated the ordinary foreseeability element of proximate cause, and the burden 
shifts to the plaintiff to raise a genuine issue of fact on foreseeability by 
presenting controverting evidence that, despite the extraordinary and abnormal 
nature of the intervening force, there was some indication at the time that such 
a crime would be committed.  See Phan Son Van, 990 S.W.2d at 754.
        In 
her ordinary negligence claim, Appellant claims that Kroger was negligent by 
allowing Neville and Hall to view the work schedule[5] 
and by mixing felons such as Neville and mentally challenged individuals such as 
Amy in its workforce.[6]  Kroger conclusively 
established, however, that Neville and Hall abducted Amy from a public street.  
Amy was not at work or in the course or scope of her employment when the 
abduction occurred.  Neville and Hall were not Kroger employees at the 
time.  Kroger was unaware of any violent criminal act committed by Neville 
or Hall prior to Amy’s murder.  Kroger had never experienced any other 
incident where a person looked at Kroger’s work schedule to track down and 
murder a Kroger employee.
        Applying 
the considerations listed in Phan Son Van, Kroger points out that the 
“harm,” Amy’s murder, is a harm different in kind from that which would 
otherwise have resulted from the alleged negligence of posting a work schedule 
or allowing a person who had committed a property crime to be a coworker with a 
mentally challenged individual.  Kroger points out that Amy’s murder by 
two of her friends is extraordinary and bizarre rather than a normal result of 
the negligence alleged by Appellant in view of the circumstances existing at the 
time.  Kroger claims Amy never expressed fear toward Neville or Hall; to 
the contrary, Amy and Neville developed a friendship that Amy’s parents knew 
about. Kroger points out that Neville and Hall did not declare their affiliation 
with the Ayran brotherhood until after their arrest for Amy’s murder.  In 
short, Kroger argues that none of the circumstances existing here foreshadowed 
Amy’s murder.  The intervening force here is clearly due to Neville’s 
and Hall’s actions, and their acts were wrongful toward Amy to the extent that 
they have been held criminally responsible for her death and have been sentenced 
to die for murdering her.  We hold that Kroger negated the foreseeability 
element of proximate cause by conclusively establishing that Neville’s and 
Hall’s criminal acts were a superseding cause of Amy’s murder.  See 
id. (holding criminal acts of rape and murder by underage, beer-drinking 
gang members constituted superseding cause of victims' injuries and death 
following store’s alleged negligence in sale of alcohol to underage gang 
members); Palacio, 110 S.W.3d at 499 (holding that the criminal conduct 
of two third parties, who deliberately went to particular apartment, knocked on 
the door, asked for decedent by name, and then shot him execution-style, 
constituted superseding cause of decedent’s death despite allegations that 
security at apartment was inadequate); Cowart, 20 S.W.3d at 783 (holding 
third party’s use of a gun to kill Cowart constituted superseding cause of 
Cowart’s death following Kmart’s alleged negligent sale of ammunition to 
minors when minors used the ammunition to load gun and third party used loaded 
gun to kill Cowart).  Thus, the burden shifted to Appellant to raise a 
genuine issue of fact on foreseeability by presenting controverting evidence 
that, despite the extraordinary and abnormal nature of the intervening force, 
there was some indication at the time that such a crime would be committed.  
See Phan Son Van, 990 S.W.2d at 754.
        Appellant 
presented no such controverting evidence.  Whether criminal activity is 
foreseeable in a particular instance requires more than someone, viewing the 
facts in retrospect, theorizing an extraordinary sequence of events whereby the 
defendant's conduct brings about the injury.  Doe v. Boys Clubs of 
Greater Dallas, Inc., 907 S.W.2d 472, 478 (Tex. 1995).  Accordingly, we 
overrule Appellant’s second point challenging the trial court’s summary 
judgment on this ground.[7]
        Because 
we have overruled Appellant’s second point and have ruled that the trial 
court’s summary judgment for Kroger was proper on this ground, we need not 
address Appellant’s first point, claiming that the trial court erred in 
granting summary judgment for Kroger on Appellant’s ordinary negligence claim 
because genuine issues of material fact exist on whether Kroger breached a duty 
to its murdered employee.  See Tex. R. App. 47.1 (court of appeals must 
address only issues necessary to final disposition of appeal).  
Accordingly, we affirm the trial court’s judgment.
 
 
 
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
 
PANEL 
A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: 
December 2, 2004

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Kroger’s summary judgment motion categorizes superseding cause as an 
affirmative defense.
3.  
The summary judgment standards of review are well-settled, and we apply them 
here.  See, e.g., S.W. Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 
(Tex. 2002); Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999); 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 
748 (Tex. 1999).
4.  
Appellant’s brief refers to Amy as a “mentally challenged” individual, 
consequently we will use this terminology also.
5.  
Kroger’s work schedule included only the empolyees’ names and scheduled work 
hours.  It did not include the employees’ addresses, phone numbers, 
social security numbers, or other confidential employee information.
6.  
As previously mentioned, however, Appellant does not challenge the trial 
court’s summary judgments on her “failure to warn,” “unsafe 
workplace,” and “negligent hiring” claims.  Accordingly, we consider 
her allegations that Kroger negligently mixed different categories of workers 
only in the context of her ordinary negligence claim.
7.  
Appellant also claims that the trial court erred by granting summary judgment to 
Kroger on the affirmative defense of superseding cause because as a 
nonsubscriber under the worker’s compensation statute Kroger is not entitled 
to raise any defenses.  The statute, however, precludes Kroger from raising 
common-law defenses only when an employee sues for damages for personal injury 
or death sustained by the employee in the course and scope of employment.  
See Tex. Labor Code Ann. § 
404.033(a) (Vernon Supp. 2004-05).  The statute defines “course and scope 
of employment” as generally not including transportation to and from the place 
of employment.  See id. § 401.011(12).  Thus, Kroger 
conclusively established that Amy was not in the course and scope of her 
employment when she was abducted and murdered.  The worker’s compensation 
statute is inapplicable to Appellant’s claims.