Affirmed and Memorandum Opinion filed February 24, 2005









Affirmed and Memorandum Opinion filed February 24,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00159-CV

____________

 

EDUARDO RAMIREZ, Appellant

 

V.

 

AHP MUTUAL HOUSING
ASSOCIATION, INC. F/N/A QUAY POINT MUTUAL HOUSING ASSOCIATION, INC., Appellee

 



 

On Appeal from the 125th
District Court

Harris County, Texas

Trial Court Cause No. 03-26007

 



 

M E M O R A N D U M   O P I N I O N

This is a premises liability case in which
appellant, Eduardo Ramirez, was stabbed repeatedly and severely injured in his
apartment at the Quay Point Apartments. 
He sued his landlord, appellee AHP Mutual Housing Association, Inc.
f/n/a Quay Point Mutual Housing Association, Inc. (AQuay Point@), alleging, among
other things, that Quay Point failed to provide adequate security.  The trial court granted Quay Point=s motion for
summary judgment.  We affirm.  








Quay Point Apartments is a low-income
public housing project.  On May 19, 2001,
three intruders entered the apartment that Ramirez shared with his girlfriend,
Carolina Hernandez.  Ramirez was stabbed
seventeen times, resulting in severe and permanent injuries, including the loss
of use of his left arm.  Lidio Ambriz
Parra was ultimately convicted of committing this assault.

Ramirez sued Quay Point, alleging
negligence in failing to provide appropriate security measures to prevent such
an attack.  Quay Point moved for summary judgment,
arguing that it breached no duty to Ramirez and that any negligence on its part
did not proximately cause the attack on Ramirez.  The trial court granted Quay Point=s motion, and
Ramirez appealed.  In his first and
second issues, Ramirez asserts there is a fact issue as to whether Quay Point
breached its duty of care.  He claims
that the attack was foreseeable and complains that Quay Point failed to (1)
provide adequate security, including maintaining its fences and gates, (2) keep
itself reasonably informed of the nature and extent of crime in the surrounding
area, and (3) warn its residents of the risk of crime and that its security
measures were inadequate.  In his third
issue, Ramirez argues that there is a fact issue as to whether Quay Point=s negligence
proximately caused Ramirez=s injuries.

In its traditional motion for summary
judgment, Quay Point had the burden to show that no genuine issue of material
fact exists and that it is entitled to judgment as a matter of law.  Tex.
R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548 (Tex. 1985).  As a defendant, it must
conclusively negate at least one essential element of each of Ramirez=s causes of action
or conclusively establish each element of an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941
S.W.2d 910, 911 (Tex. 1997).  In deciding
whether a disputed material fact issue exists precluding summary judgment, we
resolve every reasonable inference in favor of Ramirez and take all evidence
favorable to him as true.  See id.








As a general rule, a person has no legal
duty to protect another from the criminal acts of a third person.  Timberwalk Apartments, Partners, Inc. v.
Cain, 972 S.W.2d 749, 756 (Tex. 1998). 
However, a landlord who retains control over the security of a premises
has a duty to use ordinary care to protect invitees from the criminal acts of
third parties if the landlord knows or has reason to know of an unreasonable
and foreseeable risk of harm.  Id.
Foreseeability requires only that the general danger, not the exact sequence of
events that produced the harm, be foreseeable. 
Id.  In the context of risk
of injury from criminal activity,  the
evidence must reveal specific crimes on or near the premises to establish
foreseeability.  Id.

The foreseeability of an unreasonable risk
of criminal conduct is a prerequisite to imposing a duty of care and is a
question of law for the court to decide. 
Id.  The supreme court has
set forth the following factors to aid in our analysis:

In determining whether the
occurrence of certain criminal conduct on a landowner=s property should have been
foreseen, courts should consider whether any criminal conduct previously
occurred on or near the property, how recently it occurred, how often it
occurred, how similar the conduct was to the conduct on the property, and what
publicity was given the occurrences to indicate that the landowner knew or
should have known about them.

Id. at 757.  We
consider these factors together in determining whether the criminal conduct was
foreseeable.  Id. at 759.













In response to Quay Point=s motion for
summary judgment, Ramirez introduced evidence of police reports of criminal
activity in the area.  According to
Ramirez, the attack was foreseeable because there were eleven crimes, including
nine assaults, at the Quay Point Apartments, Aindicating a high
degree of similarity@ between previously reported crime and the
attack on him.[1]  We disagree. 
None of these incidents resulted in more than a minor injury, and five
were domestic violence calls, which are not similar to a random attack from a
stranger.[2]  See id. at 758 (noting that Aa spate of
domestic violence in the complex does not portend third party sexual assaults
or robberies@). 
One report that is arguably relevant involved a stranger pushing in a
door on Carolina Hernandez, Ramirez=s girlfriend;
however, it resulted in no injuries.  AThe previous
crimes must be sufficiently similar to the crime in question to place the
landowner on notice of the specific danger.@  Id. 
None of these few reported crimes are even close to being as violent or
as serious as the attack on Ramirez. 
Thus, assuming Quay Point had full knowledge of all these crimes,[3]
we conclude that the assault on Ramirez was not foreseeable and that Quay Point
therefore had no duty to take steps to prevent it.  See id. at 759 (finding that rape of
tenant was not foreseeable, based on evidence of a tire-slashing, a car
burglary, and a car theft on the premises and one sexual assault within a
one-mile radius in the preceding year); Walker v. Harris, 924 S.W.2d
375, 377B78 (Tex. 1996)
(holding that stabbing death was not foreseeable when other crimes on the
premises were domestic or neighbor disturbances, four incidents of vandalism,
and one theft from a vacant apartment); Tex. Real Estate Holdings, Inc. v.
Quach, 95 S.W.3d 395, 400 (Tex. App.CHouston [1st
Dist.] 2002, pet. denied) (concluding that violent carjacking incident in which
plaintiff was shot was not foreseeable when in two years before incident, there
were no other reports of stranger-initiated violent crime involving injuries
but only an assault between relatives, three auto thefts, and five thefts from
vehicles).

In arguing that the attack was
foreseeable, Ramirez relies heavily on Dickinson Arms-Reo, L.P. v. Campbell,
4 S.W.3d 333 (Tex. App.CHouston [1st Dist.] 1999, pet.
denied).  Dickinson involved a
carjacking and murder at an apartment complex. 
The court held that such an incident was foreseeable based on 184
reported crimes (including burglaries, auto thefts, assaults, and thefts) in
addition to gang activity in the neighborhood, which included two nearby
properties with Abad reputations@ for criminal
activity.  Id. at 346B49; see also
Quach, 95 S.W.3d at 400 (distinguishing Dickinson).  That is significantly different from the
crime reports in evidence in this case, which were few in number and involved
no or minor injuries.  Ramirez emphasizes
that the Timberwalk court noted that A[p]roperty crimes
may expose a dangerous condition that could facilitate personal crimes.@  972 S.W.2d at 758.  However, in this case where the reported
crimes are so few and dissimilar, no such dangerous condition was exposed.








We conclude that the attack on Ramirez was
not foreseeable as a matter of law and therefore, Quay Point owed Ramirez no
duty. Accordingly, issues one and two are overruled.[4]  Further, because of our disposition of issues
one and two, we need not consider Ramirez=s third issue
regarding whether there is a fact issue as to proximate cause.  

The judgment of the trial court is
affirmed.

 

 

 

/s/      Leslie Brock Yates

Justice

 

Judgment
rendered and Memorandum Opinion filed February 24, 2005.

Panel
consists of Justices Yates, Edelman, and Guzman.

 

 











[1]  At oral
argument, Ramirez tried to expand his foreseeability analysis to include not just
the 11 reported crimes but also 136 call reports to the Houston Police
Department from the Quay Point Apartments in the year preceding the
attack.  As Ramirez conceded at oral
argument, none of these calls involved significant violence or alleged felonies.  Further, A[c]all
reports include hang-up calls, mistake calls, missing person calls, information
calls, calls for medical assistance, and calls to report suspected criminal
activity@ and therefore are not necessarily probative of actual
crime.  Tex. Real Estate Holdings,
Inc. v. Quach, 95 S.W.3d 395, 399 (Tex. App.CHouston
[1st Dist.] 2002, pet. denied).  In Timberwalk,
the supreme court did not consider eleven call reports of sexual assaults
within a one-mile radius of the property but only the one police report of an
actual sexual assault.  972 S.W.2d at
752, 759.  Therefore, we too consider
only the actual police reports and not mere call reports.





[2]  Quay Point
contends this attack was not a stranger-initiated assault but rather the third
in a series of events involving the convicted attacker, Parra, and Ramirez=s girlfriend, Hernandez.  Parra testified that Hernandez had invited
him to the apartment and provided him with the access code to enter the
security gate.  As such, according to
Quay Point, this was a Atargeted attack@ in
which Hernandez provided the means of entry, which made the attack
unforeseeable and constitutes a superseding cause.  See Palacio v. AON Props., Inc., 110
S.W.3d 493 (Tex. App.CWaco 2003, no pet.). 
Hernandez signed an affidavit contradicting statements to the police
reflected in a police report regarding the first incident and indicating she
did not know Parra and that she had never even spoken with him before the
attack.  Quay Point objected to the trial
court that this affidavit was produced in violation of Ramirez=s discovery obligations, but the trial court did not
rule on the objection.  As such, the
objection is waived.  Dolcefino v.
Randolph, 19 S.W.3d 906, 925 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  Quay
Point also argues for the first time on appeal that we should not consider this
affidavit because it is merely a Asham@ to create a fact issue.  Quay Point cites no authority and does not
explain why the sham affidavit theory, which traditionally applies when an
affidavit contradicts a prior sworn statement without explanation, should apply
when the prior statement is unsworn.  In
any event, because we conclude that the vicious attack on Ramirez was not
reasonably foreseeable, we need not resolve this issue.





[3]  Ramirez
contends that Quay Point had a duty to keep itself informed about the amount of
crime on its premises and in the area and that Quay Point ignored this
duty.  Quay Point correctly points out
that A[p]roperty owners bear no duty to regularly inspect
criminal records to determine the risk of crime in the area.@  Timberwalk,
972 S.W.2d at 759.  Neither party
produced summary judgment evidence regarding Quay Point=s actual knowledge about the crime in the area, which
is an important factor in determining foreseeability.  Id. at 758B59.  However,
even assuming Quay Point had full knowledge of all the police reports in the
summary judgment evidence, we conclude that the vicious attack on Ramirez was
not reasonably foreseeable.





[4]  Ramirez argues
that Quay Point failed to present any summary judgment evidence regarding (1)
the adequacy of its security measures, (2) any efforts to keep reasonably
informed as to the amount of crime occurring on the premises or in the area,
and (3) any warnings to its tenants about the risk of crime or its inadequate
security.  Even assuming a landlord might
have any or all of these duties under certain circumstances, we need not reach
that inquiry in this case because if the criminal act was not foreseeable, Quay
Point need not have taken any measures.  See
Timberwalk, 972 S.W.2d at 756 (AThe
foreseeability of an unreasonable risk of criminal conduct is a prerequisite to
imposing a duty of care on a person who owns or controls premises to protect
others on the property from the risk.@); McIntosh
v. NationsBank, 963 S.W.2d 545, 548 (Tex. App.CHouston [14th Dist.] 1997, pet. denied) (AA duty to protect persons against the criminal acts of
third parties does not arise in the absence of a foreseeable risk of harm, and
a defendant is entitled to summary judgment if it can establish that such
criminal acts were not foreseeable.@
(footnote omitted)).