COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-06-079-CV

 

 

ALEXIS PICHARDO, SR.,                                                     APPELLANTS

INDIVIDUALLY AND AS NEXT
FRIEND

OF ANDREW WARREN PICHARDO


AND ALEXIS PICHARDO, JR.,
MINORS; 

PEGGY PICHARDO,
INDIVIDUALLY AND

AS NEXT FRIEND OF ANDREW
WARREN

PICHARDO AND ALEXIS
PICHARDO, JR.,

MINORS; AND RICHARD
ANDERSON

 

                                                   V.

 

BIG DIAMOND, INC.,                                                            APPELLEES

D/B/A BIG DIAMOND, INC.
#723; AND

DIAMOND SHAMROCK
STATIONS, INC., 

D/B/A BIG DIAMOND, INC.
#723

AND AS DIAMOND SHAMROCK

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

 

 

 








I.  Introduction

Appellants Alexis Pichardo, Sr., individually and
as next friend of Andrew Warren Pichardo and Alexis Pichardo, Jr., minors;
Peggy Pichardo, individually and as next friend of Andrew Warren Pichardo and
Alexis Pichardo, Jr., minors;  and
Richard Anderson (collectively Athe
Pichardos@) appeal the trial court=s
take-nothing summary judgment entered in favor of Appellees Big Diamond, Inc.,
d/b/a Big Diamond, Inc. #723 (ABig
Diamond@), and
Diamond Shamrock Stations, Inc., d/b/a Big Diamond, Inc. #723 and as Diamond
Shamrock (ADiamond Shamrock@).  Because Appellee Big Diamond conclusively
established that it did not own, operate, or control the gas station and because
Diamond Shamrock conclusively negated the foreseeability element of the
Pichardos= negligence claim, we will
affirm the trial court=s summary judgment for
Appellees.

II.  Factual and Procedural Background








On the afternoon of November 23, 2002, James C.
Luedtke, Jr. and his girlfriend, Heather Roberts, drove into the Diamond
Shamrock gas station on White Settlement Road. 
The attendant activated the pump, and Roberts pumped gas into the
vehicle.  Roberts hopped in the vehicle,
and Luedtke drove away without paying for the gas.  As Luedtke drove off, an employee of the gas
station ran outside and attempted to get the license plate number of the
vehicle. 

In an effort to escape, Luedtke accelerated the
vehicle, ran a red light, and collided with a vehicle driven by Alexis
Pichardo, Sr., who had his son Andrew Warren Pichardo with him.  Peggy Pichardo, Alexis Pichardo, Jr., and Richard
Anderson were following Alexis Pichardo, Sr. in a separate vehicle and
witnessed the collision.  Alexis
Pichardo, Sr. and Andrew suffered bodily injuries as a result of the collision.


On November 19, 2004, the Pichardos sued Luedtke;
Selma Ann Roberts, the owner of the car Luedtke had been driving; and Big
Diamond.  Big Diamond filed a general
denial and affirmatively pleaded that it was not a proper party and that there
had been a misidentification of parties. 
On December 9, 2004, the Pichardos amended their petition and added
Diamond Shamrock as a defendant.  Diamond
Shamrock filed a general denial and raised the defense of limitations.








Big Diamond and Diamond Shamrock then filed a
joint motion for summary judgment.  Big
Diamond argued that it was entitled to summary judgment because it was
improperly joined in the lawsuit; Big Diamond claimed that it was not the
operator or owner of the gas station involved in this case.  Diamond Shamrock argued that it was entitled
to summary judgment because it was joined after the two-year statute of
limitations had expired and because it breached no legal duty owed to the
Pichardos, Luedtke=s actions were not foreseeable,
and its acts or omissions were not a proximate cause of the Pichardos=
injuries.  The Pichardos filed a
response,[1]
pointing to summary judgment evidence supporting their cause of action for
negligence.  The trial court granted
Appellees= motion for summary judgment
without stating the grounds upon which it was granted.  This appeal followed.

III.  Summary Judgment Was Proper








In their first and second issues, the Pichardos
argue that the gas station owner owed Alexis Pichardo, Sr. a legal duty and
that the traffic accident that occurred was a foreseeable result of a gas
station attendant activating a gas  pump
before receiving payment and subsequently chasing a vehicle she believed to be
involved in a gas theft.  Big Diamond responds
that it is not liable in any capacity because the summary judgment evidence
clearly shows that it did not own the store property and did not operate or
control the store property.  Diamond
Shamrock responds that the trial court correctly granted its motion for summary
judgment because Luedtke=s criminal acts, which caused
injury to the Pichardos off of Diamond Shamrock=s
premises, were unforeseeable. 

A.     Standard of Review for Summary Judgments

A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
Desoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b),
(c).  When reviewing a summary judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798.  In a case where the
trial court's summary judgment does not specify the ground or grounds relied
upon for its ruling, the summary judgment must be affirmed if any of the
theories advanced is meritorious.  Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989).

B.     Law on Duty and Foreseeability








The common law doctrine of negligence consists of
three elements: (1) a legal duty owed by one person to another; (2) a breach of
that duty; and (3) damages proximately resulting from the breach.  Greater Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex. 1990).  The
threshold inquiry in a negligence case is duty. 
Id.  The plaintiff must
establish both the existence and violation of a duty owed to the plaintiff by
the defendant to establish liability in tort. 
Id.  Whether a duty exists
is a question of law for the court to decide from the facts surrounding the
occurrence in question.  Timberwalk
Apartments, Partners, Inc. v. Cain, 972 S.W.2d 749, 756 (Tex. 1998); Otis
Eng=g Corp. v. Clark, 668
S.W.2d 307, 312 (Tex. 1983).  

As a general rule, Aa person
has no legal duty to protect another from the criminal acts of a third person.@  Timberwalk, 972 S.W.2d at 756.  An exception is that A[o]ne
who controls . . . premises does have a duty to use ordinary care to protect
invitees from criminal acts of third parties if he knows or has reason to know
of an unreasonable and foreseeable risk of harm to the invitee.@  Id.  The exception applies, of course, to a
landlord who Aretains control over the
security and safety of the premises.@  Id.








Likewise, third-party criminal conduct is a
superseding cause of damages arising from a defendant=s
negligence unless the criminal conduct is a foreseeable result of the defendant=s
negligence.  See Phan Son Van v. Pena,
990 S.W.2d 751, 754 (Tex. 1999); see also El Chico Corp. v. Poole, 732
S.W.2d 306, 313 (Tex. 1987) (third party=s
criminal act generally relieves negligent person from liability); Nixon v.
Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 550 (Tex. 1985) (same).  A defendant who seeks a summary judgment on
the ground that the defendant has negated foreseeability as an element of
proximate cause must prove, however, more than simply that the intervening
third-party criminal conduct occurred.  Phan
Son Van, 990 S.W.2d at 754.  The
defendant must show the third-party criminal conduct rises to the level of a
superseding cause based on the following nonexclusive considerations, 

(a) the fact that the
intervening force brings about harm different in kind from that which would
otherwise have resulted from the actor=s negligence;

 

(b) the fact that the
intervening force=s operation or the
consequences thereof appear after the event to be extraordinary rather than
normal in view of the circumstances existing at the time of the force=s operation;

 

(c) the fact that the
intervening force is operating independently of any situation created by the
actor=s negligence, or, on the
other hand, is or is not a normal result of such a situation;

 

(d) the fact that the
operation of the intervening force is due to a third person=s act or to his failure
to act;

 

(e) the fact that the
intervening force is due to an act of a third person which is wrongful toward
the other and as such subjects the third person to liability to him; [and]

 

(f) the degree of
culpability of a wrongful act of a third person which sets the intervening
force in motion.

 








Id.; see also Palacio v. AON Props., Inc.,
110 S.W.3d 493, 499 (Tex. App.CWaco
2003, no pet.); Cowart v. Kmart Corp., 20 S.W.3d 779, 783 (Tex. App.CDallas
2000, pet. denied). If the defendant does this, it has negated the ordinary
foreseeability element of proximate cause, and the burden shifts to the
plaintiff to raise a genuine issue of fact on foreseeability by presenting
controverting evidence that, despite the extraordinary and abnormal nature of
the intervening force, there was some indication at the time that such a crime
would be committed. See Phan Son Van, 990 S.W.2d at 754.

C.     Summary Judgment for Big Diamond

We first evaluate Big Diamond=s claim
that it is not liable in any capacity because the summary judgment evidence
clearly shows that it did not own the store property and did not operate or
control the store property.  The summary
judgment evidence includes the oral deposition of Doug Miller, who is an
officer of Big Diamond and vice president of Diamond Shamrock.  During Miller=s
deposition, he stated that Big Diamond does not operate store #723; instead, it
is the holder of the alcohol licenses for that facility.  Miller said that Diamond Shamrock owns the
land, built the building, and operates store #723.  Based on this unrefuted testimony, it is
clear that Big Diamond was not the owner of the property where the gas and dash
occurred and therefore could not have owed the Pichardos a duty.  See Lefmark Mgmt. Co. v. Old, 946
S.W.2d 52, 54 (Tex. 1997) (holding that former property managerCwho did
not own, occupy, manage, possess, or otherwise have any control of the shopping
centerCowed no
duty to invitees to keep shopping center safe). 
Therefore, the trial court properly granted Big Diamond=s motion
for summary judgment.

 








D.     Summary Judgment for Diamond Shamrock

The Pichardos argue that Diamond Shamrock

knew that it was
foreseeable that [not requiring] prepayment for gasoline purchases would in all
likelihood result in foreseeable criminal activity such as theft of gasoline, and
an attempt by the criminal to run away after the commission of the crime, and
the possible injury of third persons such as [the Pichardos].  

 

Here, the accident that injured the Pichardos occurred because Luedtke
ran a red light after leaving the Diamond Shamrock gas station.  The Pichardos were not invitees at the
Diamond Shamrock gas station and the accident did not occur on the gas station
premises.  Consequently, we hold that the
Timberwalk factors utilized to determine the scope of the duty owed by A[o]ne
who controls . . . premises@ to Aprotect invitees
from criminal acts of third parties@ is not
applicable here.  Timberwalk, 972
S.W.2d at 756 (emphasis added).

Moving to an application of the Phan Son Van nonexclusive
factors, we note at the outset that the Pichardos claim Diamond Shamrock was
negligent by not requiring prepayment for the gas before an attendant would
activate the gas pump.  Diamond Shamrock
conclusively established that Luedtke drove away from the gas station and ran a
red light, hitting the Pichardos=
vehicle.  The accident did not occur on
the gas station premises.








Applying the considerations listed in Phan Son
Van, the Aharm@CAlexis
Sr.=s and
Andrew=s
injuriesCis a
harm different in kind from that which would otherwise have resulted from the
alleged negligence of not requiring prepayment for gasoline.  Luedtke=s
actions in running a red light and striking the Pichardos= vehicle
appear to be extraordinary rather than normal and appear to be independent of
any negligence by Diamond Shamrock in not requiring prepayment for
gasoline.  Luedtke=s action
in running the red light is clearly due to his own decision to run the red
light, and Luedtke is subject to liability to the Pichardos for his action in
running the red light.  Finally, we
cannot see how  Diamond Shamrock
possesses more than possibly a minute degree of culpability for setting Luedtke=s
running of the red light in motion; the escape of any criminal following
unauthorized criminal conduct could involve the running of a red light.  Thus, we hold that Diamond Shamrock negated
the foreseeability element of proximate cause by conclusively establishing that
Luedtke=s act of
running the red light was a supersedeing cause of Alexis, Sr.=s and
Andrew=s
injuries.  The burden then shifted to the
Pichardos to raise a genuine issue of fact on foreseeability by presenting
controverting evidence that, despite the extraordinary and abnormal nature of
the intervening force, there was some indication at the time that this crimeCthe
running of the red lightCwould be committed.








The Pichardos presented no such controverting
evidence.   The record is devoid of any
evidence showing that similar accidents had occurred, that the Diamond Shamrock
gas station was a frequent victim of gas and dashes, or that the area was crime
laden.  The record contains no evidence
that other crimes or gas and dashes had occurred on the property or in its
immediate vicinity, or even that individuals committing a gas and dash
frequently run red lights or drive recklessly. 
See Greater Houston, 801 S.W.2d at 526-27 (concluding that
where there was only one prior incident involving a cab driver using a weapon,
the risk of injury to others was not foreseeable, and holding that, as a matter
of law, the cab company had no duty to warn its cab drivers not to carry guns);
see also Mellon Mortgage Co. v. Holder, 5 S.W.3d 654, 657 (Tex. 1999)
(holding that to the extent that property owner=s
conduct created a risk of harm, it did not breach a duty to sexual assault
victim because she was not so situated with relation to the wrongful act that
her injury might have been foreseen). 
Because Diamond Shamrock conclusively negated the foreseeability element
of the Pichardos= negligence claim, the trial
court properly granted summary judgment in favor of Diamond Shamrock.  We overrule the Pichardos= first
and second issues.[2]

 








IV.  Conclusion

Having overruled the Pichardos= first
and second issues, we affirm the trial court=s
take-nothing summary judgment rendered in favor of Big Diamond and Diamond
Shamrock.

 

SUE
WALKER

JUSTICE

 

PANEL A: CAYCE, C.J.;
WALKER and MCCOY, JJ.

 

DELIVERED: January 18,
2007











[1]Prior to filing their
response, the Pichardos filed a motion to sever Luedtke and Roberts from the
lawsuit, and the trial court granted the motion to sever.  Therefore, Luedtke and Roberts are not
parties to this appeal.





[2]Based on this holding, we
need not reach the Pichardos= third issue regarding whether the statute of
limitations was tolled due to an alleged misidentification of the
defendant.  See Tex. R. App. P. 47.1.