John W. BURFORD and Sue
Burford, Appellants

v.

Lee WILSON, Appellee.

James T. HODGES, Dona J. Hodges,
and Carolyn Heath, Appellants

v.

Lee WILSON, Appellee.

Keith JONES and Brenda
Gail Jones, Appellants

v.

Lee Wilson, Appellee.

Jessie PARKER and Shirley
A. Parker, Appellants

v.

Lee WILSON, Individually and d/b/a Lee Wilson Realty; Ted V. Salyer, Individually and d/b/a Salyer and Wilson Construction Company; Donald Morgan Salyer and Lorene Salyer, Individually, Appellees.

Nos. 12–93–00276–CV to 12–93–00279–CV.

Court of Appeals of Texas,
Tyler.

Sept. 30, 1994.

Rehearing Overruled Nov. 1, 1994.

Bob Whitehurst, Tyler, for appellants.

William S. Hommel, Jr., Tyler, for appellees.

HOLCOMB, Justice.

These four causes have been consolidated for the purpose of this opinion.

This is an appeal from an order granting summary judgment. The law suits filed by the Appellants against Lee Wilson and others arose out of sewer problems on property located within the Glen Arbor subdivision. After discovering what the litigants referred to as "latent defects" between 1983 and 1985, Appellants filed suit against Wilson in 1992, for breach of contract, fraud, negligence, breach of warranty, and violation of the Deceptive Trade Practices Act. Appellees filed a motion for summary judgment alleging that each of the causes filed against them were barred by the statute of limitations. The court entered a take-nothing judgment in favor of Appellees. Each Appellant raised the same nine points of error on appeal and submitted virtually identical briefs to this Court in support of those points. All four cases present the question of whether evidence in support of a summary judgment must be expressly referenced in the motion for summary judgment itself, or whether the evidence may be referenced in a brief filed contemporaneously with the motion. Having companion cases that address the same issue, we will reverse and remand to dispose of all four appeals.

All of the Appellants had purchased homes that were built by Lee Wilson ("Wilson") in the Glen Arbor subdivision, in which Wilson was also the developer. Appellants Hodges, Heath, Jones, and Burford, sued Wilson, the developer of Glen Arbor subdivision and the builder of their homes. In addition to filing suit against Wilson, the Parkers also sued the former home owner, the real estate agent, as well as Ted V. Salyer, who was Wilson's partner when their house was built. Appellants allege that Wilson installed an inadequate septic system on their respective lots and that the soil on which the homes were built did not have adequate percolation. Appellants discovered these "latent defects" after the construction of their homes. Wilson admittedly platted lot sizes, engineered improvements, and added loads of dirt to lots within the Glen Arbor subdivision. At varying times during the nine years prior to filing suit, Appellants consistently experienced overflowing commodes and poor drainage.

In 1992, a plumber discovered that the field lines were only five feet underground, that part of the sewer line was in clay, that not enough lines serviced the homes, and that the end of the field line was higher in elevation than the elevation at the beginning of the line. A sanitarian inspected the lots and concluded that Appellants' property did not have access to an adequate septic system and did not have proper soil percolation. To further complicate Appellants' problem, land near the subdivision was low, wet, and swampy.

In February 1993, Appellees filed a motion for summary judgment alleging that Appellants' causes of action were barred by the applicable statute of limitations. Simultaneously, Appellees filed a brief more specifically stating their position and referencing the evidence that supported their motions. However, Appellees did not incorporate their brief or the evidence attached to their brief within any of the motions for summary judgment. Appellants timely filed responses and supplementary responses to Appellees' motions, making various objections to attacking the credibility of the witnesses and the authentication of the deposition excerpts were attached to Appellees' brief. After eight months, two hearings and extensive pleadings filed by all parties, the court rendered a take-nothing judgment against Appellants. Appellants then filed a "Motion to Reconsider Prior Order Granting Summary Judgment," and objected to Appellees' failure to properly support their motion for summary judgment by referencing the evidence on which they relied.

In point of error one, Appellants contend that the court erred when it granted the summary judgment because Appellees' motion did not state the specific grounds on which they sought summary judgment, and did not properly present evidence in support of their motion in accordance with Rule 166a(c). *See* TEX.R.CIV.P. 166a(c). Citing *McConnell,* Appellants first argue that, because Appellees did not expressly present the grounds on which it relied within the motion itself, the motion is insufficient as a matter of law. *See McConnell v. Southside Independent School District,* 858 S.W.2d 337

(Tex.1993). Second, Appellants point out that Appellees referenced the evidence in support of their motion only in their brief and did not reference any evidence within the motion itself. We conclude that Appellees' motions sufficiently stated the grounds for their summary judgment; however, they did not sufficiently support their motion by referencing the evidence to support a summary judgment.

■ The Rules of Civil Procedure mandate that the grounds for a motion for summary judgment must be set out in the motion itself and cannot be furnished by an accompanying brief. TEX.R.CIV.P. 166a(c). Consistent with the precise language of Rule 166a, recent Texas cases have held that a motion for summary judgment must stand or fall on the grounds expressly presented in the motion only and cannot be sustained on grounds presented in a brief. *McConnell,* 858 S.W.2d at 341. A brief in support of a motion is not a motion, answer, or response as contemplated in Rule 166a. *Id.* Appellees' motion for summary judgment specifically states that he was entitled to judgment as a matter of law because "the statute of limitations bars each of Plaintiffs' causes of action." As broad as Appellees' ground may have been stated, we conclude that Appellees sufficiently presented the affirmative defense of a bar to each law suit in their motion to alert Appellants of the ground upon which they relied for summary disposition of all four cases.

However, consistent with the precise language of Rule 166a, evidence relied upon in a motion or a response to a motion for summary judgment must also be "referenced or set forth in the motion or response." TEX. R.CIV.P. 166a(c). "We are not free to disregard the rule's plain language. Nor should we revise the rule by opinion." *Alvarado v. Farah Mfg. Co., Inc.,* 830 S.W.2d 911, 915 (Tex.1992). All of the motions for summary judgment filed by Appellees were as follows:

> To the Honorable Judge of Said Court: Comes now ... Defendants in the above-entitled and numbered cause and filed this their motion for Summary Judgment and would respectfully show the Court as follows:

> 1. Defendants ... are entitled to judgment as a matter of law for the reason that the statute of limitations bars each of Plaintiff's causes of action.

> 2. There is no issue of fact that would controvert this evidence and Defendants are entitled to judgment as a matter of law.

Appellees submitted a five page brief in support of their motion and referenced exhibits that were attached to the brief, and the brief was never referred to in any of Appellees' motions for summary judgment, nor did they refer to any other evidence to support their motions.

■ Without any reference to evidence to support the "bare bones" motions for summary judgment filed by Appellees, we must limit our review of the court's judgment to the pleadings filed in each case. A party seeking summary judgment based on the statute of limitations must prove when the cause of action accrued and must prove as a matter of law when the plaintiff discovered, or should have discovered, the nature of the injury. *Burns v. Thomas,* 786 S.W.2d 266 (Tex.1990); *Salazar v. Amigos Del Valle, Inc.,* 754 S.W.2d 410, 412 (Tex.App.—Corpus Christi 1988, no writ); *Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983) (per curiam). Seldom do pleadings, even if verified, constitute sufficient evidence to support a summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex. 1979); *Pinckley v. Gallegos,* 740 S.W.2d 529, 534 (Tex.App.—San Antonio 1987, writ denied). This case is no exception.

Without proof to support Appellees' allegations that Appellants' causes were barred by the various statute of limitations, summary judgment was not proper. Although this may appear to be a rigid formality, Rule 166a is to be strictly construed. The summary judgment procedure is invaluable to the courts as a manner of disposing of cases without a trial when a case has no merit. In Texas, the burden of proof is never shifted to the non-movant unless the movant has established a right to summary judgment. *See Casso v. Brand,* 776 S.W.2d 551, 555–56 (Tex. 1989). Improperly used, or used without

strict compliance with Rule 166(a), a summary judgment may also deprive a litigant of his day in court. There is nothing onerous or unreasonable about requiring the movant to state the grounds and the evidence upon which he relies in a motion that allows him the opportunity to win a lawsuit without a trial. "Carving exceptions to this simple requirement ... frustrates the purpose of Rule 166a(c). Eventually the exceptions would consume the rule, and inject uncertainty into summary judgment proceedings concerning what issues were presented for consideration." *McConnell,* 858 S.W.2d at 341.

The sole purpose of a brief in support of a motion for summary judgment is to aid the court in determining whether the summary judgment grounds and evidence in support of those grounds entitles the movant to judgment as a matter of law. Not once does the Rule allude to a brief as a substitute for the court's determination of whether summary judgment grounds, issues and evidence are expressly presented within the motion. Therefore, until Rule 166a(c) states otherwise, we hold that the movant must expressly present the grounds upon which he relies and must specifically refer to the evidence to support those grounds within the motion for summary judgment, and may not rely on briefs not referred to or incorporated within the motion. Point one is *sustained.*

By sustaining point one, which requires reverse and remand, we do no reach the remaining eight points. The judgment of the trial court is **reversed and the cause is remanded.**