Lee WILSON, Petitioner,

v.

John W. BURFORD and Sue Burford, Respondents.

Lee WILSON, Petitioner,

v.

James T. HODGES, Dona J. Hodges and Carolyn Heath, Respondents.

Lee WILSON, Petitioner,

v.

Keith JONES and Brenda Gail Jones, Respondents.

Lee WILSON, individually and d/b/a Lee Wilson Realty; Ted V. Salyer, Individually and d/b/a Salyer and Wilson Construction Company; Donald Morgan Salyer and Lorene Salyer, individually, Petitioners,

v.

Jessie PARKER and Shirley A. Parker, Respondents.

Nos. 94–1248–94–1251.

Supreme Court of Texas.

May 25, 1995.

Rehearing Overruled Sept. 14, 1995.

William S. Hommel, Reid William Martin, Tyler, for petitioner.

Bob Whitehurst, Tyler, for respondents.

PER CURIAM.

Evidence that may be considered in granting summary judgment includes "deposition transcripts ... referenced or set forth in the motion or response". Tex.R.Civ.P. 166a(c). In these four cases consolidated on appeal, the court of appeals held that a deposition transcript attached to a brief in support of a motion for summary judgment, filed with the motion, and referenced in the non-movant's response, was not proper summary judgment evidence. 885 S.W.2d 253. We disagree.

Plaintiffs in these cases are four sets of homeowners. Defendants were involved in

the construction or sale of plaintiffs' homes. Plaintiffs sued defendants for defects in the homes' sewer systems. Defendants moved for summary judgment on the ground that all the actions are barred by limitations. The motion did not incorporate or refer to any specific summary judgment evidence. However, an accompanying brief referred to a deposition attached to the brief. The deposition was also referred to in plaintiffs' response to defendants' motion. The trial court granted the motion. The court of appeals reversed solely for the reason that the deposition was not proper summary judgment evidence.

■ The court of appeals concluded that summary judgment evidence must be referenced or set forth in the motion. We need not consider whether evidence referenced in a brief in support of a motion for summary judgment is part of the summary judgment record. Rule 166a(c) plainly includes in the record evidence attached either to the motion or to a response. Plaintiffs argue that *McConnell v. Southside Indep. School District*, 858 S.W.2d 337 (Tex.1993), requires that summary judgment evidence must be set out in the motion. This argument misreads *McConnell*, which holds only that the *grounds* for summary judgment must be contained in the motion. (Plaintiffs also argued in the court of appeals that the grounds for summary judgment were not set out in defendants' motion, but we agree with the court of appeals that they were.)

■ The deposition transcript referred to in plaintiffs' response to defendants' motion for summary judgment was, by the plain language of Rule 166a(c), proper summary judgment evidence on which both the movant and the respondent could rely, and the court of appeals erred in reaching the contrary conclusion. Accordingly, a majority of this Court grants defendants' applications for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and remands the case to that court for consideration of plaintiffs' other points of error. TEX.R.APP.P. 170.