Todd McINTOSH, Appellant,

v.

NATIONSBANK, NationsBank of Texas, N.A. and NationsBank Banking Center, Appellees.

No. 14–96–00922–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 14, 1997.

Rehearing Overruled Oct. 23, 1997.

Todd C. Alton, Andrew W. Seibert, Alvin, for appellant.

Mark Allen, Mike Morris, Houston, for appellees.

Before LEE, AMIDEI and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

In this negligence case, Todd McIntosh appeals a summary judgment granted in favor of NationsBank, Nationsbank of Texas, N.A., and Nationsbank Banking Center (collectively, "NationsBank") on the grounds that NationsBank failed to prove that, and fact questions remained whether, (1) McIntosh's assailant was on NationsBank's property at the time of the incident; and (2) the conduct of the assailant was foreseeable. We affirm.

### Background

On a Saturday morning in May of 1993, McIntosh made a deposit and cashed a check at a NationsBank's "drive thru" commercial banking window in Harris County. While driving out, McIntosh stopped at the end of the bank driveway before entering the street. An unknown person then suddenly forced his way into McIntosh's vehicle, robbed McIntosh at gunpoint, forced McIntosh to drive several blocks, and escaped.

McIntosh filed a negligence action against NationsBank claiming physical, psychological, and financial injury caused by the bank's failure to provide adequate security measures and to call police or security after noticing the assailant on the bank's property. NationsBank filed a motion for summary judgment on the grounds that it had no duty to McIntosh. The trial court granted a take nothing summary judgment.

### Standard of Review

A movant for summary judgment has the burden to show that there are no genuine

issues of material fact and that it is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c). To be entitled to summary judgment, a defendant must either (1) conclusively negate at least one essential element of each of the plaintiff's causes of action, or (2) conclusively establish each element of an affirmative defense to each claim. *Science Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997). Summary judgment may be granted based on evidence referenced in a summary judgment response as well as that in the summary judgment motion. *Wilson v. Burford,* 904 S.W.2d 628, 629 (Tex.1995); *DeBord v. Muller,* 446 S.W.2d 299, 301 (Tex.1969); TEX.R.CIV.P. 166a(c).

In reviewing a summary judgment, the nonmovant's evidence is accepted as true, and all doubts regarding the evidence are resolved and all inferences indulged in the nonmovant's favor. *Science Spectrum,* 941 S.W.2d at 911. However, a court of appeals may not reverse a trial court's judgment on grounds raised *sua sponte* or in the absence of properly assigned error. *See Vawter v. Garvey,* 786 S.W.2d 263, 264 (Tex.1990); *San Jacinto River Auth. v. Duke,* 783 S.W.2d 209, 210 (Tex.1990). An appellant's brief must contain a discussion of the facts and authorities relied upon to maintain the point at issue. TEX.R.APP.P. 74(f).

## Duty to Call Police

In his first and third points of error, McIntosh challenges the summary judgment because NationsBank failed to prove that, and a fact issue remained whether, the assailant was not on NationsBank's property "at relevant times to this lawsuit." McIntosh alleged in his petition "At the time the incident occurred the bank teller was aware that the [assailant] looked 'suspicious' and admitted to Plaintiff that she should have called security or the police." The petition further

alleged that NationsBank was negligent in failing to call security or the police after noticing the suspicious person on the bank's property.

As one of its two grounds for summary judgment, NationsBank offered evidence that, up until the abduction, the bank teller had only seen the unidentified person walking on the street in front of the bank, and not on the bank's property. Based on this evidence, NationsBank argued that it had no duty to protect McIntosh from the robbery because it had no right to expel that person from a public street. The thrust of NationsBank's argument seems to be that even if it had reason to be suspicious of the unidentified person before the abduction, it had no right to have him removed by police or security from the public street where he was walking.

McIntosh has not disputed the correctness of NationsBank's contention from a legal standpoint. In his summary judgment response, McIntosh offered evidence that the robbery *took place* on defendant's property. However, despite arguing that the assailant was on NationsBank's property "at relevant times to the lawsuit," McIntosh has cited no evidence that the assailant was on the bank's premises before he approached McIntosh's car.[1] Nor does McIntosh argue that the bank was even aware that an abduction was being committed when the unknown person entered his car[2] or that there was time to prevent the abduction by calling the police or security once the assailant came onto the bank's property to enter the car. Therefore, McIntosh has not shown that the summary judgment is reversible for the reasons set forth in his first and third points of error, and they are overruled.

## Duty to Provide Security

In his second and fourth points of error, McIntosh challenges the summary judgment

---

1. McIntosh refers to evidence that there was no sidewalk for the unidentified person to have been on immediately prior to the attack, but the relevance of this fact is not explained by McIntosh or otherwise apparent.

2. The bank teller who witnessed the unidentified man getting into McIntosh's car described him

as a little man who walked slowly with a cane and had a hunch back. At the time he entered the car, she thought McIntosh was giving him a ride. Although she found that strange, she did not call police or security because she did not see the man point a gun at McIntosh or otherwise pose any threat.

because a question of fact remains whether the conduct of the assailant was foreseeable.

■■■ A common law negligence action consists of (1) a legal duty owed by one to another; (2) a breach of that duty; and (3) damages proximately resulting from the breach. *Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 613 (Tex.1996). In determining whether a negligence claim exists, the threshold inquiry is whether the defendant owed the plaintiff a legal duty. *Smith v. Merritt*, 940 S.W.2d 602, 604 (Tex. 1997). Whether a duty exists is a question of law for the court to decide under the facts surrounding the occurrence in question. *Lefmark Management Co. v. Old*, 946 S.W.2d 52, 53 (Tex.1997).

A landowner or one who is otherwise in control of premises must generally use reasonable care to make the premises safe for the use of business invitees. *Id.* This duty includes warning invitees of known hidden dangers that present an unreasonable risk of harm. *Id.* Ordinarily, this duty does not include the obligation to prevent criminal acts of third parties who are not subject to the premises occupier's control. *Id.*[3] However, this rule is not absolute. *Id.* A landowner or possessor of property has a duty to exercise reasonable care to protect invitees from criminal acts of third parties if the landowner knows or has reason to know of an unreasonable and foreseeable risk of harm to the invitee. *Id.* at 56 (Owen, J., concurring).[4]

■■■ In deciding whether to impose a duty, the court must balance such interrelated factors as the risk, foreseeability, and likelihood of injury against the social utility of the actor's conduct, the magnitude of the burden of guarding against injury, and the consequences of placing the burden on the defendant.[5] Other factors include whether one party had superior knowledge of the risk or a right to control the actor who caused the harm.[6] However, the foremost consideration in determining the existence of a duty is the foreseeability of the risk. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). A duty to protect persons against the criminal acts of third parties does not arise in the absence of a foreseeable risk of harm,[7] and a defendant is entitled to summary judgment if it can establish that such criminal acts were not foreseeable.[8]

■■■ Foreseeability requires only that the general danger be foreseeable, not the exact sequence of events that produced the harm.[9] Thus, evidence of specific crimes on or near the premises raises a fact issue on the foreseeability of criminal activity. *Walker v. Harris*, 924 S.W.2d 375, 377–78 (Tex.1996); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 550–51 (Tex.1985).[10]

---

3. *See also Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex.1993); *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 313 (Tex. 1987); *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 550 (Tex.1985).

4. *See Exxon*, 867 S.W.2d at 21; *Nixon*, 690 S.W.2d at 550; *see also Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996); *Centeq Realty v. Siegler*, 899 S.W.2d 195, 197 (Tex.1995).

5. *Golden Spread Council, Inc. No. 562 of Boy Scouts of Am. v. Akins*, 926 S.W.2d 287, 290 (Tex.1996); *Greater Houston*, 801 S.W.2d at 525.

6. *Golden Spread Council*, 926 S.W.2d at 290; *Graff v. Beard*, 858 S.W.2d 918, 920 (Tex.1993).

7. To impose a duty on landowners without the requisite degree of foreseeability would force landowners to become insurers of the safety of those on their premises. *Lefmark*, 946 S.W.2d at 59 (Owen, J., concurring).

8. *Walker*, 924 S.W.2d at 377; *see Greater Houston*, 801 S.W.2d at 526.

9. *Walker*, 924 S.W.2d at 377; *see Lofton v. Texas Brine Corp.*, 777 S.W.2d 384, 387 (Tex.1989); *Nixon*, 690 S.W.2d at 550–51.

10. Notably, foreseeability is a factor in determining both the proximate cause and duty elements of negligence. *See Lefmark*, 946 S.W.2d at 58–59 (Owen, J., concurring). Because proximate cause is a fact question whereas duty is a question of law, it would appear that foreseeability is a fact question for purposes of determining proximate cause but a question of law for determining the existence of a duty. *See id.* As discussed below, it is clear that *Nixon* addressed foreseeability only in the context of proximate cause, and thus as a fact question. However, although *Walker* addressed foreseeability only as it related to duty, it appears to have treated it as a fact question:

We have held that evidence of specific previous crimes on or near the premises may raise a

Only once, in *Nixon,* has the Texas Supreme Court held that a possessor of property owed a duty to a third party because of the criminal acts of third parties. *Lefmark,* 946 S.W.2d at 58 (Owen, J., concurring); *see Nixon,* 690 S.W.2d at 550–51. However, the duty in *Nixon* was provided by a city ordinance requiring property owners to keep doors and windows of vacant structures securely closed to prevent unauthorized entry.[11] *See Nixon,* 690 S.W.2d at 548. Therefore, *Nixon* concluded only that "a material fact question exists on the foreseeability of this crime as it relates to the proximate cause issue,"[12] and did not address foreseeability as an element of the existence of a duty. Since *Nixon,* no Texas Supreme Court decision has found a duty to protect against criminal acts of third parties. *Lefmark,* 946 S.W.2d at 59 (Owen, J., concurring).

Conversely, the Supreme Court found a lack of foreseeability in *Walker.* 924 S.W.2d at 377–78. There, the deposition testimony of the local police chief affirmatively showed that the neighborhood in which the apartments were located was a low to moderate crime area, that the adjoining residential neighborhood had very little crime, and that the crime at the apartments was average for apartments. *Id.* at 377. The record further indicated that police had not been called to the apartments for another violent crime, but only for domestic and neighbor disturbances, four incidents of vandalism, and a theft. *Id.* at 377–78. This evidence established that the apartment owners had no reason to foresee the likelihood of violent criminal activity at their fourplex. *Id.* at 378. Therefore, the victim's fatal stabbing was not foreseeable as

a matter of law, the landowner had negated any duty to prevent it, and the court reversed and rendered judgment that the plaintiff take nothing. *Id.*[13]

In this case, McIntosh has neither challenged the sufficiency of NationsBank's evidence to show a lack of criminal activity on or near the bank premises, nor offered controverting evidence on that issue. Instead, McIntosh contends only that the following evidence showed that NationsBank did not conclusively establish that the assailant's conduct was "unforseen:"

(a) The witness Sarah Little stated that the assailant was not in the correct place to be waiting for a bus.

(b) Witness Sarah Little testified that she felt funny about the events involving the robber and [McIntosh], that she felt very weird, chill bumps, and glad it was not happening to her.

(c) Teller Garcia testified that the robber had been pacing in the area before the crime, and did not appear to be waiting on a ride.

(d) Carlton Tucker, employed as a general investigator for [NationsBank] testified that someone fitting the partial description of the robber was on the premises hours before the occurrence in question.

(e) [McIntosh's] retained expert, Jack Heard, who has been in law enforcement for most of his adult life and is the former sheriff of Harris County, has testified in this case by way of deposition.

---

fact issue on the foreseeability of criminal activity. *Nixon,* 690 S.W.2d at 550. The [nonmovants] did not bring forth any summary judgment evidence raising a fact issue on foreseeability.
. . . .
This summary judgment evidence establishes that the [movants] had no reason to foresee the likelihood of violent criminal activity at their fourplexes.
We hold that the [movants] established that the violent criminal act . . . was not foreseeable as a matter of law.
924 S.W.2d at 377–78.

**11.** The court held that the ordinance legislatively imposes a standard of conduct which defines the

conduct of a reasonably prudent person. *Nixon,* 690 S.W.2d at 549.

**12.** *Nixon,* 690 S.W.2d at 549–51.

**13.** In *Ann M.,* the California Supreme Court imposed a "prior similar incidents" requirement and held that the requisite degree of foreseeability rarely, if ever, can be proven in the absence of prior similar incidences of violent crimes on the landowner's premises. *Ann M. v. Pacific Plaza Shopping Center,* 6 Cal.4th 666, 25 Cal.Rptr.2d 137, 145, 863 P.2d 207, 215–16 (1993); *see Lefmark,* 946 S.W.2d at 57–58 (Owen, J., concurring).

(f) Expert Heard testified that in his opinion, [NationsBank] actually created the situation which allowed the robbery to occur.

(g) Expert Heard testified that in [his opinion] criminal statistics for the area would not be important in the present case.

(h) The individual should have appeared suspicious to the bank employees.

(i) The lack of security, including uniformed security guards, visible video cameras, signs, created a situation allowing the robbery to occur.

(j) Complete lack of security caused the incident, and the implementation of the security measures would have deterred the crime.

(k) The lack of uniformed security by [NationsBank] opened door for crime to occur.

Of the above items, (a), (b), (c), (d), and (h) relate to events on the day of the robbery and are not relevant to the bank's foreseeability to have already provided security measures such as uniformed guards, visible video cameras, and security signs. Nor does item (e) bear on any such duty. The thrust of items (f), (g), (i), (j), and (k) is that the bank's failure to have provided ongoing visible security measures was itself what invited and allowed the robbery to occur. This evidence does not address foreseeability in terms of past criminal activity, as dictated by the foregoing case law, and even suggests that such evidence is not important.

■ Moreover, if, as this evidence and McIntosh assert, a lack of security measures itself makes criminal activity foreseeable, it is arguable that criminal activity is automatically foreseeable, and a duty to provide security measures automatically exists, wherever security is lacking. McIntosh has cited and we have found no authority suggesting that a lack of security is a factor in determining a duty to provide it to protect invitees against the criminal acts of third parties.[14] Thus, to the extent NationsBank established a lack of criminal activity and thus foreseeability, which McIntosh has not challenged, the evi-

dence cited by McIntosh does not raise a fact question on that issue. Therefore, the summary judgment is not reversible for the reasons set forth in McIntosh's second and fourth points of error and they are overruled. Accordingly, the judgment of the trial court is affirmed.

---

14. Nor do we agree generally that the existence of a duty can be found from a failure to fulfill it.