In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00056-CV
______________________________


JOAN CAROL ELLIS ROBERTS, Appellant
Â 
V.
Â 
TITUS COUNTY MEMORIAL HOSPITAL, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 76th Judicial District Court
Titus County, Texas
Trial Court No. 29675


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Ross, Carter, and Cornelius,* JJ.
Opinion by Justice Ross
*William J. Cornelius, C.J., Retired, Sitting by Assignment


O P I N I O N

Â Â Â Â Â Â Â Â Â Â Joan Carol Ellis Roberts sued Titus County Memorial Hospital, claiming she was
denied a promotion and ultimately lost her job because she blew the whistle on wrongdoing
by Hospital officials. The Hospital obtained a summary judgment against her claims. 
Roberts represented herself both at trial and on appeal.
Procedural Issues 
Â Â Â Â Â Â Â Â Â Â Roberts advances a number of procedural issues in her appeal. She contends the
Hospital was required to attack the sufficiency of her pleadings to allege suit within
limitations by using special exceptions rather than by pursuing a summary judgment. The
cases have almost universally accepted the concept that a party may use several different
procedures to reach the same result. See Drilltec Techs., Inc. v. Remp, 64 S.W.3d 212,
214 (Tex. App.âHouston [14th Dist.] 2001, no pet.) (holding subject matter jurisdiction can
be attacked by plea to the jurisdiction, motion for summary judgment, and special
exception, among other means). Indeed, there is one case assuming that, because
limitations under the Texas Whistleblower Act


 is often raised by summary judgment, then
it must be raised by summary judgment. Univ. of Houston v. Elthon, 9 S.W.3d 351,
356â57 (Tex. App.âHouston [14th Dist.] pet. dism'd w.o.j.). Most courts have freely
acknowledged that there is some confusion and considerable leeway in bringing this type
of contention, and that no single type of pleading is required to raise the issue. See Tex.
S. Univ. v. Carter, 84 S.W.3d 787, 790 (Tex. App.âHouston [1st Dist.] 2002, no pet.).
Â Â Â Â Â Â Â Â Â Â The issue was raised by summary judgment in this case. That has repeatedly been
held at least an acceptable method of raising limitations, and occasionally as the only
proper method. Error has not been shown.
Â Â Â Â Â Â Â Â Â Â Roberts also contends the court, in rendering its judgment, relied on information that
was not a part of the summary judgment evidence. Her position appears to be that
depositions and other discovery documents attached to the motionâbut not referenced or
incorporated in the motionâare not proper summary judgment evidence. 
Â Â Â Â Â Â Â Â Â Â Rule 166a of the Texas Rules of Civil Procedure addresses summary judgment and
the evidence to be considered by the court. See Tex. R. Civ. P. 166a. The Texas
Supreme Court has interpreted this rule to mean that the summary judgment record
consists of "evidence attached either to the motion or to a response." Wilson v. Burford,
904 S.W.2d 628, 629 (Tex. 1995); accord Guinn v. Bosque County, 58 S.W.3d 194, 199
(Tex. App.âWaco 2001, writ denied); McIntosh v. NationsBank, 963 S.W.2d 545, 547
(Tex. App.âHouston [14th Dist.] 1997, writ denied). Thus, a trial court must grant a motion
for summary judgment if the evidence attached either to the motion or to a response
demonstrates the absence of any genuine issue of material fact and shows the movant's
entitlement to judgment as a matter of law on the grounds set forth in the motion. See
Wilson, 904 S.W.2d at 629.
Â Â Â Â Â Â Â Â Â Â All of the evidence of which Roberts complains was attached to the summary
judgment motion. It was thus properly before the court, and this contention is without merit.
Â Â Â Â Â Â Â Â Â Â Roberts also contends the trial court erred by modifying the judgment without
providing her with notice of the proposed changes. The trial court signed its first summary
judgment April 6, 2004. It signed a second judgment April 20, 2004. The changes were
the addition of language upholding "all of Defendant's objections" and assessing costs
against Roberts. Roberts admits in her brief, and confirmed at oral argument, that the
Hospital had no outstanding objections at the time the trial court signed its final summary
judgment. Hence, the additional language upholding objections was mere surplusage. As
for the additional language assessing costs against Roberts, the Hospital, as the
successful party, was entitled to recovery of its costs. See Tex. R. Civ. P. 131. Because
a trial court has plenary authority to modify, correct, or reform a judgment for thirty days
after the judgment is signed (Tex. R. Civ. P. 329b(d)), it was appropriate for the trial court
to include such language in its final judgment. 
Sufficiency of Hospital's Motion
Â Â Â Â Â Â Â Â Â Â Although not a specific complaint in Roberts' appeal, we note that the Hospital's 
motion for summary judgment is not a model for clarity. It is three pages long and is
supported by a number of exhibits and a lengthy brief. The motion seeks summary
judgment based on Roberts' failure to prove all necessary elements of her claims. It states
that all but count one of her claims are barred by limitations under the Whistleblower Act
or that she did not file the necessary grievances required by the Act. It also states Roberts
has not demonstrated that: she acted in good faith in making a report, the report involved
a violation of law by an agency or employee, the report was made to an appropriate law
enforcement authority, or she suffered discriminatory or retaliatory conduct by the employer
as a result of the report. The motion concludes, "Therefore, pursuant to T.R.C.P. 166(a)
[sic], there are no genuine issues as to any material fact as to the claim asserted by the
Plaintiff."
Â Â Â Â Â Â Â Â Â Â The motion provides little guidance either for the trial court or for this Court in
determining which arguments apply to which variation of summary judgment. Although it
states there are no fact issues (one type of summary judgment), the argument made is
more like a no-evidence motion under Tex. R. Civ. P. 166a(i). The attached trial brief
complains that there is no evidence, but it also takes the position that, based on the
pleadings, there are no fact issues on different aspects of the allegations. The arguments
advanced in that brief make it further appear the motion was intended as a federal
12(b)(6)


 motion seeking dismissal for failure to state a cause of action, which is not a
viable claim for relief in Texas state courts. 
Â Â Â Â Â Â Â Â Â Â Nevertheless, the Texas Supreme Court stated in Binur v. Jacobo, 135 S.W.3d 646,
651 (Tex. 2004), that, although separate arguments and headings in summary judgment
motions would be extremely useful to the court and bar, such are not absolutely required
by the rule. If a motion clearly sets forth its grounds and otherwise meets Rule 166a's
requirements, it is sufficient. Id. The grounds for the Hospital's motion could have been
more clearly set forth, but we cannot say the motion fails to meet the rule's requirements. 
Therefore, based on the Texas Supreme Court's articulations in Binur and an indulgent
interpretation of the Hospital's motion, we deem the motion sufficient.
Merits of the Appeal
Â Â Â Â Â Â Â Â Â Â Roberts contends in a number of different issues that summary judgment was
erroneously granted because the Hospital's summary judgment evidence did not
conclusively prove she failed to meet any element of the Whistleblower Act or that
limitations had run.
No Evidence Standards for Review
Â Â Â Â Â Â Â Â Â Â A no-evidence summary judgment is essentially a pretrial directed verdict. We
therefore apply the same legal sufficiency standard in reviewing a no-evidence summary
judgment as we apply in reviewing a directed verdict. Wal-Mart Stores, Inc. v. Rodriguez,
92 S.W.3d 502, 506 (Tex. 2002). We must determine whether the nonmovant produced
any evidence of probative force to raise a fact issue on the material questions presented. 
Id.; Woodruff v. Wright, 51 S.W.3d 727, 734 (Tex. App.âTexarkana 2001, pet. denied). 
We consider all the evidence in the light most favorable to the party against whom the
no-evidence summary judgment was rendered, disregarding all contrary evidence and
inferences. Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997). A
no-evidence summary judgment is improperly granted if the nonmovant presents more
than a scintilla of probative evidence to raise a genuine issue of material fact. Jackson v.
Fiesta Mart, Inc., 979 S.W.2d 68, 70â71 (Tex. App.âAustin 1998, no pet.). More than a
scintilla of evidence exists when the evidence "rises to a level that would enable
reasonable and fair-minded people to differ in their conclusions." Havner, 953 S.W.2d at
711.
Standard Summary Judgment Review
Â Â Â Â Â Â Â Â Â Â When reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant and indulge every reasonable inference and resolve any doubts in the
nonmovant's favor. Limestone Prods. Distrib., Inc. v. McNamara, 71 S.W.3d 308, 311
(Tex. 2002); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999). On appeal,
the movant must show that there is no material fact issue and that the movant is entitled
to judgment as a matter of law. Limestone Prods. Distrib., Inc., 71 S.W.3d at 311;
Rhone-Poulenc, Inc., 997 S.W.2d at 223.
General Background
Â Â Â Â Â Â Â Â Â Â The lawsuit is based on the application of the Whistleblower Act, which is designed
to enhance openness in government and compel the government's compliance with law
by protecting those who inform authorities of wrongdoing. Castaneda v. Tex. Dep't of
Agric., 831 S.W.2d 501, 503 (Tex. App.âCorpus Christi 1992, writ denied). The Act
evidences two legislative purposes: (1) to protect public employees from retaliation by their
employer when, in good faith, employees report a violation of the law, and (2) in
consequence, to secure lawful conduct on the part of those who direct and conduct the
affairs of public bodies. Travis County v. Colunga, 753 S.W.2d 716, 718â19 (Tex.
App.âAustin 1988, writ denied). Because the Act is remedial in nature, it should be
liberally construed to effect its purpose. Castaneda, 831 S.W.2d at 503; Davis v. Ector
County, 40 F.3d 777, 785 (5th Cir. 1994).
Roberts' Allegations at Trial
Â Â Â Â Â Â Â Â Â Â In her petition, Roberts alleged that, because she warned her superior and members
of the Hospital's governing board that the planned purchase of a CT scanner was not being
made by competitive bid as required by law, her superiors retaliated against her by failing
to assign her to a newly created "lead tech" position, and ultimately terminated her
employment. She also complains that the actions by the Hospital's officials were based
on their disapproval of her efforts to professionalize her department. She contends this is
shown by their written reactions to her efforts, dating back to 1991, to maintain or create
a professional, safe, and fairly administered work environment.
Analysis
Â Â Â Â Â Â Â Â Â Â The Hospital does not contest the description of the Hospital as a local
governmental entity, and admits Roberts was a public employee. That element of the
Whistleblower Act is therefore not an issue. Although the Hospital does contend Roberts'
actions were not taken in good faith, the evidence on that is in dispute; thus, a fact issue
would exist.


 Similarly, although the Hospital argues there was no evidence of an adverse
personnel action, the summary judgment proof as described above clearly shows a dispute
in the evidence on that matter as well.
Â Â Â Â Â Â Â Â Â Â Â The controlling issues raised by the Hospital are that Roberts provided nothing to
show that: 1) any specific applicable law was violatedâthus no evidence of any illegal
conduct, and alternatively, if a law was so violated, 2) Roberts never reported such
violation to "appropriate law enforcement authority." In the absence of either element, a
plaintiff suing under the Whistleblower Act cannot prevail.


 
Â Â Â Â Â Â Â Â Â Â In this case, the dispositive question is whether, assuming a law was violated,
Roberts reported that violation to an appropriate law enforcement authority so that the
Whistleblower Act protections would apply to her situation. The Whistleblower Act
provides that an appropriate law enforcement authority is a governmental entity authorized
to "regulate under or enforce the law alleged to be violated in the report." Tex. Gov't Code
Ann. Â§ 554.002(b)(1) (Vernon 2004). Alternatively, an appropriate law enforcement
authority is a governmental entity authorized to "investigate or prosecute a violation of
criminal law." Tex. Gov't Code Ann. Â§ 554.002(b)(2) (Vernon 2004). The language
controlling our review was set out recently.
Under the statutory definition, it is clearly not enough that a government
entity has general authority to regulate, enforce, investigate, or prosecute. 
Rather, to determine if a governmental entity qualifies as an "appropriate law
enforcement authority," we are bound to construe that term as the statute
defines it. See Tex. Gov't Code Â§ 311.011(b); Faircloth, 898 S.W.2d at 274; 
Tijerina, 846 S.W.2d at 827. And the statute defines that term as a
governmental entity authorized to regulate under or enforce "the law alleged
to be violated in the report," or to investigate or prosecute "a violation of
criminal law." See Tex. Gov't Code Â§ 554.002(b). In other words, the
particular law the public employee reported violated is critical to the
determination. 

Tex. Dep't of Transp. v. Needham, 82 S.W.3d 314, 319â20 (Tex. 2002).
Â 
Â Â Â Â Â Â Â Â Â Â The courts have held that a report is made to an appropriate law enforcement
authority if the authority is a part of a state or local governmental entity or of the federal
government that the employee in good faith believes is authorized to: 
Â Â Â Â Â Â Â Â Â Â âÂ Â Â Â Â Â Â Â Â regulate under or enforce the law alleged to be violated in the report
Â Â Â Â Â Â Â Â Â Â âÂ Â Â Â Â Â Â Â Â investigate or prosecute a violation of criminal law.
Id. at 319; 3 J. Hadley Edgar, Jr. & James B. Sales, Texas Torts and Remedies
Â§Â 45.06[13](c) (2003).
Â Â Â Â Â Â Â Â Â Â In this case, taking all allegations in the light most favorable to the nonmovant,
Roberts simply did not report the alleged violation to an appropriate law enforcement
authority. She reported it to her superior, and ultimately to members of the Hospital board. 
Although it is reasonable to conclude that, like all individuals, these hospital officials have
a duty to obey the law, as set out in Needham, that is not the same as being a
governmental entity authorized to regulate under or enforce "the law alleged to be violated
in the report," or to investigate or prosecute "a violation of criminal law." See Needham,
82 S.W.3d at 319. 
Â Â Â Â Â Â Â Â Â Â Roberts notes that in her affidavit she states she called the Texas Attorney
General's office,


 and it informed her that she first needed to go through the grievance
process. Roberts failed to adduce summary judgment evidence that this contact with the
Attorney General's office satisfied the underlying requirement that she make a complaint
to a law enforcement authority, and as a result of that action alone, the Hospital acted
unlawfully by terminating or otherwise affecting her employment. Roberts further failed to
provide summary judgment evidence that the Attorney General's office is authorized to
regulate under or enforce "the law alleged to be violated in the report." Id. 
Â Â Â Â Â Â Â Â Â Â Therefore, under the statute, Roberts has neither pled nor provided summary
judgment proof of facts that would support this required element of the action, and a no-evidence summary judgment was properly rendered on this basis.
Â Â Â Â Â Â Â Â Â Â We affirm the judgment.


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice 

Date Submitted:Â Â Â Â Â Â February 16, 2005
Date Decided:Â Â Â Â Â Â Â Â Â March 15, 2005




stops:center 3.25in'>
Â 

Â 

 On Appeal from the 8th Judicial District Court

 Franklin County, Texas

   Trial
Court No. F8224

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

In Franklin County, Texas, Dwain Edwin
Robinson was indicted for delivery of a controlled substance in a drug-free
zone.Â  Robinson pled guilty and received
a ten-year sentence, which was probated for ten years.[1]Â  Five months later, the State moved to revoke
RobinsonÂs community supervision, alleging that Robinson failed to satisfy four
conditions of his community supervision.Â 
He pled Ânot trueÂ to the allegations.Â 
After a bench trial, the trial court found that Robinson violated the
conditions of his community supervision as alleged by the State and sentenced
him to ten yearsÂ incarceration.Â  Â 

Â Â Â Â Â Â Â Â Â Â Â  In one point
of error, Robinson contends that the ten-year sentence imposed by the trial
court is unconstitutionally cruel and unusual.[2]Â  We affirm the trial courtÂs judgment because
Robinson has failed to show the sentence was cruel and unusual.

Â Â Â Â Â Â Â Â Â Â Â  Robinson
acknowledges that his sentence is within the range of punishment for the
offense, but argues that his Âphysical and mental health concerns should have
been taken into considerationÂ because his Âmental state and inability to
understandÂ were Âthe reason for the alleged violations of community
supervision.ÂÂ  

Â Â Â Â Â Â Â Â Â Â Â  Here,
Sherrie Ivey, RobinsonÂs sister, testified that Robinson is Âmentally messed up,Â
that he had received mental disability benefits since 1989 or 1990, and that
Âeven at home . . . he wasnÂt quite there.ÂÂ 
She is the guardian of RobinsonÂs person and estate, as well as the
payee for RobinsonÂs disability income.Â 
Ivey testified that she would like Robinson to be placed with her so she
could take care of him.Â  At the time the
State moved to revoke his community supervision, RobinsonÂs mental condition
was such that he was found incompetent to stand trial, though, after treatment
and re-evaluation, he was later found competent and was then tried.Â  Robinson also suffers from high blood
pressure, fluid around his heart and lungs, a bad back, and kidney
problems.Â  He takes medication for high
blood pressure, fluid problems, and his mental condition. 

Â Â Â Â Â Â Â Â Â Â Â  Texas courts
have traditionally held that, as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not
excessive, cruel, or unusual. Â See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973).Â  The possession of less than one ounce of a
controlled substance in a drug-free zone is a third degree felony punishable by
confinement of two to ten years.Â  Tex. Penal Code Ann. Â§ 12.34 (West
2011); Tex. Health & Safety Code Ann.
Â§Â§ 481.102(3)(D), 481.115(b), 481.134(d)(1) (West 2010).

Â Â Â Â Â Â Â Â Â Â Â  Robinson
concedes that his sentence is within the statutory range.Â  Tex.
Penal Code Ann. Â§ 12.34; Tex. Health & Safety Code Ann. Â§Â§ 481.102(3)(D),
481.115(b); 481.134(d)(1).Â  During both
the guilt/innocence and punishment phases of the revocation hearing, there was
testimony and argument regarding RobinsonÂs mental and physical concerns.Â  In its remarks Â before sentencing, the trial court
specifically noted that Robinson had been Âexamined for a mental situationÂ and
Âevaluated and actually treated for mental problems.Â 

Â Â Â Â Â Â Â Â Â Â Â  Robinson has
failed to show that the sentence was cruel or unusual.Â  We affirm the trial courtÂs judgment.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
27, 2011

Date Decided:Â Â Â Â Â Â Â  August 12, 2011Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â 

Do Not Publish











[1]Robinson
was also assessed a $2,000.00 fine, $300.00 in attorneyÂs fees, $336.00 in
court costs, and $140.00 in restitution.Â 
RobinsonÂs motion for new trial raised the issue of cruel and unusual
punishment, and a motion for new trial is an appropriate way to preserve this
type of claim for review. Â See Williamson v. State, 175 S.W.3d 522,
523Â24 (Tex. App.ÂTexarkana 2005, no pet.); Delacruz
v. State, 167 S.W.3d 904 (Tex. App.ÂTexarkana 2005, no pet.).

Â 





[2]Robinson
does not argue that his sentence is grossly disproportionate to the offense
committed.