

# NUMBER 13-22-00547-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PABLO OLIVAREZ AND
NERCINIA LOPEZ OLIVAREZ,                                              Appellants,

v.

ALBERTO HUGO PENA, D/B/A
PENCO COLLISION AND
CUSTOMIZING,                                                          Appellee.

## On appeal from the County Court at Law No. 6 of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Tijerina, Silva, and Peña
### Memorandum Opinion by Justice Silva

Appellants Pablo Olivarez and Nercinia Lopez Olivarez appeal the trial court's

take-nothing summary judgment in favor of appellee Alberto Hugo Pena, d/b/a Penco

Collision and Customizing. By three issues, appellants argue the trial court erred in granting summary judgment on their nuisance claims against appellee because (1) they pleaded a case for private nuisance and nuisance per se; (2) they provided more than a scintilla of evidence to support their claims; and (3) the nuisance claims were timely filed and thus not barred by limitations. We affirm.

## I.   BACKGROUND

On May 30, 2017, Pablo filed an original petition asserting a claim of nuisance against appellee. On January 4, 2018, Pablo amended his petition to include Efrain Jaime Sanchez, individually and in his official capacity as building inspector for the City of Palmview and the City of Palmview (the City) as defendants.[1] A second amended petition was filed on September 27, 2019, which added Nercinia as a plaintiff for the first time. On November 20, 2019, appellants filed their third amended petition, the live pleading at the time the trial court entered its judgment in this case. Each petition included only a claim for nuisance, alleging that "toxic fumes and debris from [appellee]'s shop is constantly blowing unto the property of [appellants]."

Appellee filed a joint motion for traditional and no-evidence summary judgment. As part of his motion for traditional summary judgment, appellee alleged that appellants' pleading proved his affirmative defense of limitations. *See Schneider Nat. Carriers, Inc. v. Bates*, 147 S.W.3d 264, 270 (Tex. 2004) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003) ("The limitations period for a private nuisance claim is two years."). As for his

---

[1] On May 9, 2018, the City of Palmview filed a plea to the jurisdiction, arguing that it had immunity from Pablo's cause of action. Pablo's second and appellants' third amended petitions did not include Sanchez as a defendant. The trial court granted the City's plea on August 10, 2022, which appellants do not challenge.

no-evidence motion for summary judgment, appellee challenged three elements of appellants' nuisance claim: (1) appellee's conduct was the legal cause of the invasion, (2) the effects of the alleged interference were substantial and unreasonable, and (3) appellants suffered an injury. *See Cerny v. Marathon Oil Corp.*, 480 S.W.3d 612, 622 (Tex. App.—San Antonio 2015, pet. denied) (first citing *Barnes v. Mathis*, 353 S.W.3d 760, 763 (Tex. 2011) (per curiam); and then citing *City of Tyler v. Likes*, 962 S.W.2d 489, 503–04 (Tex. 1997)) (setting out the elements for private nuisance claim).

Appellants responded, arguing that their claims did not begin accruing until either May 31, 2015, or August 9, 2016, either of which would make their initial claim for nuisance timely. Appellants relied on affidavit and deposition testimony from Nercinia to support their argument that the cause of action accrued in March 2015. As for the August 2016 accrual, appellants cited the City's ordinances, which they argue demonstrate that appellee's unpermitted business operations were unlawful and thus a nuisance per se. Regarding appellee's no-evidence motion for summary judgment, appellants cited their affidavits and deposition testimony to support the challenged elements.

The trial court granted summary judgment and entered a take-nothing award in favor of appellee. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's grant of a motion for summary judgment de novo. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). "When the trial court does not specify the grounds for its ruling, a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Id.* (citing *State v. Ninety*

*Thousand Two Hundred Thirty–Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013)). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Bush v. Lone Oak Club, LLC*, 601 S.W.3d 639, 646 (Tex. 2020).

"Either party can rely on evidence attached to a motion or response—that is, the movant can rely on evidence filed by the nonmovant or vice versa." *UpCurve Energy Partners, LLC v. Muench*, 661 S.W.3d 907, 916 (Tex. App.—El Paso 2023, no pet.) (citing *Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex. 1995) (per curiam)). "Once a movant initially establishes a right to summary judgment on issues presented in the motion, the burden then shifts to the nonmovant to present issues or evidence to preclude entitlement to a summary judgment." *Id.* at 916–17 (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979)). "If the movant fails to meet this burden, the burden does not shift to the nonmovant and the nonmovant need not respond or present any evidence at all." *Id.* (citing *Chavez v. Kansas City S. Ry. Co.*, 520 S.W.3d 898, 899–900 (Tex. 2017) (per curiam)). A party relying on an affirmative defense for summary judgment must conclusively prove that defense. *Draughon v. Johnson*, 631 S.W.3d 81, 88 (Tex. 2021).

### III.     APPLICABLE LAW

"A 'nuisance' is a condition that substantially interferes with the use and enjoyment of land by causing unreasonable discomfort or annoyance to persons of ordinary sensibilities attempting to use and enjoy it." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 593 (Tex. 2016) (quoting *Holubec v. Brandenberger*, 111 S.W.3d 32, 37

4

(Tex. 2003)). A private nuisance claim is composed of four elements:

> (1) the plaintiff had an interest in the land; (2) the defendant interfered with or invaded the plaintiff's interest by conduct that was negligent, intentional, or abnormal and out of place in its surroundings; (3) the defendant's conduct resulted in a condition that substantially interfered with the plaintiff's use and enjoyment of his land; and (4) the nuisance caused injury to the plaintiff.

*Cerny*, 480 S.W.3d at 622. We generally leave for the factfinder to determine question of fact, such as:

> whether an interference with the use and enjoyment of property is substantial, whether the effects of such an interference on the plaintiffs are unreasonable, whether the defendant intentionally or negligently created the interference, and whether the interference results from abnormally dangerous activities.

*Crosstex N. Tex. Pipeline*, 505 S.W.3d at 609.

"Generally, a claim accrues when the defendant's wrongful conduct causes the claimant to suffer a legal injury, which gives the claimant the right to seek a judicial remedy." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 814 (Tex. 2021) (internal citations omitted). Upon accrual, the statute of limitations begins to run even if:

> (1) the claimant does not yet know that a legal injury has occurred, (2) the claimant has not yet experienced, or does not yet know the full extent of, the legal injury, (3) the claimant does not yet know the specific cause of the injury or the party responsible for it, (4) the wrongful conduct later causes additional legal injuries, or (5) the claimant has not yet sustained or cannot yet ascertain any or all of the damages resulting from the legal injuries.

*Id.* (internal citations omitted).

The statute of limitations for a private nuisance is two years from the accrual of the cause of action. *See Schneider Nat. Carriers*, 147 S.W.3d at 270 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003). When the cause of action begins to accrue is a question of

5

law. *Id.* But "when the facts are disputed and must be resolved to correctly evaluate the nature of the injury, the court, upon proper request, must present the issue to the jury," relying on definitions provided by the Texas Supreme Court. *Gilbert Wheeler, Inc. v. Enbridge Pipelines* (E. Tex.), L.P., 449 S.W.3d 474, 481 (Tex. 2014).

> As nuisance claims arise only upon a *substantial interference* with property use, they normally do not accrue when a potential source is under construction; instead, a landowner 'has the right to wait and see what the result will be when the improvements are subjected to an actual test.' But once operations begin and interference occurs, limitations runs against a nuisance claim just as against any other.

*Schneider Nat. Carriers*, 147 S.W.3d at 279. However, "an old nuisance does not excuse a new and different one." *Id.* at 280.

The date on which the claim accrues depends on whether the nuisance is temporary or permanent. *Id.* at 270. If it is a permanent nuisance, the claim accrues when the injury first occurs; if it is a temporary nuisance, each new injury starts the accrual date. *Id.* "Whether a nuisance is 'temporary' or 'permanent' obviously turns on how long it lasts, and whether it is 'infrequent' or 'continuous' on how often it occurs." *Id.* at 273. A nuisance is permanent if it is constant and continuing and the resulting injury constantly and regularly recurs. *Id.* at 272. On the other hand, a nuisance is temporary if it is for a limited duration, it is uncertain if any future injury will occur, or if the future injury "is liable to occur only at long intervals." *Id.* (quoting *Rosenthal v. Taylor, B. & H. Ry. Co.*, 15 S.W. 268, 269 (1891)). "A nuisance is also temporary if it is occasional, intermittent or recurrent, or sporadic and contingent upon some irregular force such as rain." *Id.* (cleaned up). In other words, a nuisance is permanent if it "occurs several times in the years leading up to a trial and is likely to continue," but it is temporary if "any future impact remains speculative at

6

the time of trial." *Id.* at 280.

## IV.   ANALYSIS

Because it is dispositive, we address appellants' third issue first: whether appellees proved as a matter of law that appellants' claims were barred by the statute of limitations. *See* TEX. R. APP. P. 47.4. For its traditional summary judgment, appellee argued that appellants' cause of action began accruing in 2012, which defeated their claim under the applicable statute of limitations. In response, appellants contended that their claim did not accrue until May 2015 based on Nercinia's affidavit, which stated the noise and fumes emanating from appellee's property were merely annoying and unpleasant until May 2015 when they "became intolerable." Appellants additionally posited that the cause of action accrued on August 9, 2016, when the City annexed appellee's property because appellee did not have a permit from the City.

To calculate the accrual date, we must first determine whether the complained-of conduct constitutes a permanent or temporary nuisance. *See Schneider Nat. Carriers*, 147 S.W.3d at 270. Here, the complained-of conduct is noise and noxious fumes emanating from appellee's property.[2] It is clear from the evidence presented that the fumes and noise coming from appellee's property occurs frequently, if not daily. For example, Nercinia testified in her deposition that the problems were "affecting [her] daily life," and she was "always smelling" fumes. Nercinia described the smell as "paint fumes"

---

[2] There is some evidence relating to flooding caused by rainwater shed from appellee's roof onto appellants' property as well. However, all of appellants' petitions seek a cause of action for nuisance based on "toxic fumes and debris from [appellee's] shop," with no mention of flooding. Moreover, the evidence presented by appellants relates primarily to noxious fumes and noise, briefly discussing flooding in a deposition. Finally, the parties' arguments regarding the accrual date all relate to injuries suffered as a result of the fumes.

7

and identified paint droplets on her vehicle. Moreover, a letter to appellee notifying him of the complaint described the conduct as "a recurring nuisance emanating from your property on or before 2012 and continuing to the present time." The parties do not dispute that the property is operated as an automotive paint and body shop. Thus, the facts support the conclusion that the nuisance is permanent. *See id.* Accordingly, we must next determine when the nuisance began to substantially interfere with appellants' use and enjoyment of the property. *See Cerny*, 480 S.W.3d at 622.

After filing his original petition, Pablo also filed an application for a temporary restraining order with a supporting affidavit. In relevant part, Pablo averred that his "injuries began on or about 2012 and continue to the present time." Nercinia's affidavit recounted that she and Pablo "complained to Hidalgo County and [the City] in 2012 or so" about appellee's property. However, Nercinia claimed the nuisance did not become "intolerable" until after May 2015. Nercinia summarized that she and Pablo "began to be more affected by the annoying, noxious activities of [appellee] around 2012 but the noxious activities did not become sickening and intolerable until after May 2015."

In her May 2020 deposition, Nercinia estimated that she had been taking Advil for headaches caused by the fumes for "six or seven years." Nercinia testified that the smell was so bad that although she avoided going outside, the smell was "inseparable" between the outside and inside of her home. Nercinia agreed that she had "experienced" the nuisance since 2013 but initially "noticed" it in 2012. When asked why she waited four years to seek help, Nercinia responded that she did not "like looking for trouble" and "di[d not] know how much it was going to cost to get a professional to help." Nercinia did not

8

identify anything specific in either her deposition or affidavit that changed in May 2015 that would cause the nuisance to worsen.

At the latest, the evidence shows that the permanent nuisance existed since December 31, 2013, possibly earlier. However, Pablo did not file suit until May 2017 and Nercinia did not join in the suit until November 2019, both well beyond the two-year statute of limitations. *See Schneider Nat. Carriers*, 147 S.W.3d at 270 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.003). Appellants rely on *Town of Dish v. Atmos Energy Corporation*, which stands for the proposition that "claims for nuisance involving 'largely subjective criteria like smell and sound' entail a more 'fact dependent' analysis . . . [and therefore] defer[] to the jury's determination." 519 S.W.3d 605, 613 (Tex. 2017). However, the court in *Dish* held that "an accrual date must be based on objective evidence, not bare, subjective attestations." *See id.* The court distinguished *Dish* from another case, *Natural Gas Pipeline Corporation of America v. Justiss*, wherein it held that existence of the nuisance for more than two years prior to the petition being filed did not time bar the plaintiffs' claims where objective evidence corroborated the plaintiffs' assertion that conditions had worsened. 397 S.W.3d 150, 153–55 (Tex. 2012). Similar to *Dish*, appellants in this case did not present any objective evidence of a worsening condition, only their "bare, subjective assertions." *See* 519 S.W.3d at 613.

Appellants also argue that upon annexation to the City, appellee's business constituted a nuisance per se. However, appellants provide no authority, and we find none, that stands for the proposition that such an occurrence would trigger a new cause for nuisance based on the same behavior. *See Regency Field Servs.*, 622 S.W.3d at 814

9

("Generally, a claim accrues when the defendant's wrongful conduct causes the claimant to suffer a legal injury, which gives the claimant the right to seek a judicial remedy." (internal citations omitted)). Moreover, a nuisance per se "is an act, occupation, or structure that is a nuisance at all times, under any circumstances, and in any location or that violates a state statute or municipal ordinance declaring the activity to be a nuisance per se." *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 451 S.W.3d 150, 156 n.3 (Tex. App.—Fort Worth 2014), *aff'd*, 505 S.W.3d 580 (Tex. 2016). Appellants argue that appellee's operation of a business without a permit constitutes a nuisance per se. However, in order to be a nuisance per se, the ordinance must establish that particular conduct is a nuisance—mere violation of *any* ordinance does not constitute a nuisance per se. *See id.* Furthermore, appellants have not presented evidence that appellee's conduct constitutes a nuisance "at all times, under any circumstances." *See id.* Accordingly, appellants' asserted accrual date of August 9, 2016, is insupportable. *See Regency Field Servs.*, 622 S.W.3d at 814.

Because appellee established that the private nuisance existed before the end of 2013, appellants' claims are barred by the statute of limitations as a matter of law, and the trial court did not err in granting summary judgment on this basis. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Schneider Nat. Carriers*, 147 S.W.3d at 270. We need not address whether the trial court erred by granting summary judgment on no-evidence grounds because, even if appellants did present sufficient evidence, they would be unable to overcome the affirmative defense of limitations. *See* TEX. R. APP. P. 47.4.

## V.     CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
30th day of August, 2023.